*Commonwealth of Massachusetts*
## SUPERIOR COURT DEPARTMENT
## THE TRIAL COURT
### WOBURN

## 1581CV05380

I, C. Andrew Johnson, Deputy Assistant Clerk of the Superior Court, Within and for said

County of Middlesex, do certify that the annexed papers are true copies made by photographic

process of pleadings in *15-5380* entered in the Superior Court on the *18* day of

*August* in the year of our Lord *2015* .

In testimony whereof, I hereunto set my hand and affix seal of said Middlesex Superior Court at

Woburn in said County, this *23* day of *Sept* , in the year of our Lord two thousand

Fifteen.



C. Andrew Johnson
Deputy Assistant Clerk

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

MIDDLESEX SUPERIOR COURT
CIVIL ACTION NO: 15-5380

REEM PROPERTY, LLC                      )
             Plaintiff,               )
                            )
      v.                                )
                            )
ROBERT T. ENGLEBY                       )
             Defendant               )
_____       )

### AFFIDAVIT OF SERVICE

1.  I am the Attorney for the Plaintiff in the above-referenced action.

2.  I made service upon Defendant Robert T. Engleby, pursuant to Mass.R.Civ.P.

    4(e)(3), via certified mail with a return receipt, at 1110 South Peak Drive,

    Castle Rock, CO 80109.

3.  I have received a signed receipt, which demonstrates a date of delivery of

    August 25, 2015.

4.  I have included the signed receipt with this affidavit.

Signed under the pains and penalties of perjury this 31st day of August 2015.

_____
David B. Summer

```
                  FILED
          IN THE OFFICE OF THE
           CLERK OF COURTS
        FOR THE COUNTY OF MIDDLESEX

            SEP  2 2015

                  CLERK
```

TO PLAINTIFF'S ATTORNEY: PLEASE CIRCLE TYPE OF ACTION INVOLVED: —
TORT — MOTOR VEHICLE TORT — CONTRACT —
EQUITABLE RELIEF — OTHER

## COMMONWEALTH OF MASSACHUSETTS

SUPERIOR COURT
DEPARTMENT
OF THE
TRIAL COURT
CIVIL ACTION

.................... MIDDLESEX .................... , ss

No. ... *¹⁵ J 380*

.................... *Recm Proaly, LLC* .................... , Plaintiff(s)

v.

.................... *Robert T. Engleby* .................... , Defendant(s)

## SUMMONS

NOTICE TO DEFENDANT — You need not appear personally in court to answer the complaint, but if you claim to have a defense, either you or your attorney must serve a copy of your written answer within 20 days as specified herein and also file the original in the Clerk's Office.

To the above-named Defendant: *Robert T. Engleby*

You are hereby summoned and required to serve upon .................... *David Surner* ....................

.................... plaintiff's attorney, whose address is ... *100 State Street*

*Suite 900 Boston MA 02109* ...................., an answer to the complaint which is herewith

served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you

fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You are also

required to file your answer to the complaint in the office of the Clerk of this court at ...... *Woburn, MA*

.................... either before service upon plaintiff's attorney or within a

reasonable time thereafter.

Unless otherwise provided by Rule 13(a), your answer must state as a counterclaim any claim which you may

have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's

claim or you will thereafter be barred from making such claim in any other action.

Witness, **Judith Fabricant**, Esquire, at .................... *Woburn, MA* ....................

the .................... *19th* .................... day of .................... *August* ....................

.................... , in the year of our Lord ....................

FILED of
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

SEP 2 2015

.................... CLERK .................... **Clerk**

NOTES.
1. This summons is issued pursuant to Rule 4 of the Massachusetts Rules of Civil Procedure.
2. When more than one defendant is involved, the names of all such defendants should appear in the caption. If a separate summons is used
   for each defendant, each should be addressed to the particular defendant.

## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

MIDDLESEX SUPERIOR COURT
CIVIL ACTION NO:

15-538n

REEM PROPERTY, LLC )
      Plaintiff, )
       )
v. )
       )
ROBERT T. ENGLEBY )
      Defendant )
       )

### Affidavit of Mohammad Abouchleih

On oath, I hereby swear as follows:

1. I am the Plainitff in the above action.

2. This matter concerns the real property located at 6-8 Morgan Place, Newton, MA (the "Property").

3. There is a clear danger that if Defendant, if notified in advance of the endorsement of the memorandum, will convey or encumber the Property.

Signed under the pains and penalties of perjury this 18th day of August 2015.

_Mohd Abouchleih_
Mohammad Abouchleih



## COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

MIDDLESEX SUPERIOR COURT
CIVIL ACTION NO:

**15-5380**

REEM PROPERTY, LLC
      Plaintiff,

v.

ROBERT T. ENGLEBY
      Defendant



FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX
AUG 18 2015

### Motion for Lis Pendens

Now comes the plaintiff in the above-entitled matter and moves for approval of a Memorandum of Lis Pendens relating to the real estate of the Defendant Robert T. Engleby located at 6-8 Morgan Place, Newton, in Middlesex County, Massachusetts, which land is more fully described in a deed recorded with Middlesex County Registry of Deeds in Book 34935, Page 516.

And the plaintiff says that the subject matter of the action constitutes a claim of a right to title to real property or the use and occupation thereof or the buildings thereon. Plaintiff's Affidavit in support of the above motion is attached hereto.

WHEREFORE, the Plaintiff prays that his motion be granted.

8/6/15 ALLOWED

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss

MIDDLESEX SUPERIOR COURT
CIVIL ACTION NO:



REEM PROPERTY, LLC
              Plaintiff,

   v.

ROBERT T. ENGLEBY
              Defendant

*FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX
AUG 1 8 2015
CLERK*

*15-5380*

## *VERIFIED COMPLAINT AND JURY DEMAND*

### *Parties*

1. The Plaintiff, Reem Property, LLC (hereinafter "Plaintiff" or "Reem") has a usual place of business at 291 Main Street, Unit 8B, Northboro, MA 01532.

2. Defendant Robert T. Engleby (hereinafter "Defendant" or "Engleby"), resides at 1110 South Peak View Drive, Castle Rock, CO, 80109.

### *Statement of the Facts*

5. On or about, June 10, 2015, Reem and Engleby entered into a Memorandum of Sale of Real Estate concerning 6-8 Morgan Place, Newton, Massachusetts (hereafter referred to as the "Newton Property") to purchase said property for $275,000.  A true and accurate copy of said Memorandum is attached hereto as Exhibit "A" and is incorporated herein.  The Newton Property was a property that Engleby obtained through the foreclosure process.

6. On or about, June 10, 2015, Reem paid the $10,000 deposit to Engleby.

7. The Memorandum provided in pertinent part that the Buyer shall close within thirty days.

-1-

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial as to all issue for which jury trials may be held.

## VERIFICATION

My name is Mohammad Abouchleih.  I am the Plaintiff in this matter.  I have read the complaint and have personal knowledge of the facts set forth herein and those facts are true.  With regard to facts alleged on information and belief, I believe those facts to be true.

Signed under the pains and penalties of perjury this _____ day of August 2015.

_Mohd Abouchleih_
Mohammad Abouchleih

Respectfully submitted,
Plaintiff by his attorney,

David Summer, Esq.
BBO 634514
77 Franklin Street-3rd Floor
Boston, MA 02110
(617) 695-0050
_Attorney for the Plaintiff_

Dated August 18, 2015

## MEMORANDUM OF SALE

The Notice of Mortgagee's Sale of Real Estate ("Notice of Sale") is incorporated herein by reference. The other terms to be announced at the sale are as follows:

## 1. MORTGAGEE'S SALE AT PUBLIC AUCTION

Pursuant to a public auction conducted by the Auctioneer on behalf of **Robert T. Engleby**, as foreclosing mortgagee (the "Bank"), the Buyer as the successful bidder agrees to purchase the real property described in Paragraph 2 below in accordance with the terms hereof. The Auctioneer may require the successful bidder, other than the Bank, to deposit the required deposit amount with the Auctioneer.

## 2. DESCRIPTION OF THE PROPERTY

The Buyer agrees to purchase the real property and improvements thereon, more particularly described in the Notice of Sale and subject to and with the benefit of all rights and restrictions of record, insofar as the same are now in force and applicable, as may be more particularly set forth in the Notice of Sale (the "Property").

No personal property of any kind or description is included in this sale.

The sale will not be invalidated by errors or misdescription of the size of the parcel of land sold, or the improvements thereon, and the Buyer hereby waives any claim or right he or she might otherwise have by reason of any such error or misdescription, and agrees that if the Property sold can be identified by the description as given or any part thereof, he or she will accept same at the full price bid in complete satisfaction of the contractual obligations of the Bank and Auctioneer.

## 3. TRANSFER OF THE PROPERTY

The Property shall be conveyed by the usual mortgagee's deed under the statutory power of sale.

The Property shall be conveyed and transferred subject to each of the items listed in the attached Notice of Sale, and including, but not limited to, any senior liens, condominium association liens with priority, outstanding tenancies and/or leases, the rights of parties in possession, tax title, senior federal, state and municipal taxes and assessments, any outstanding water and sewer bills or liens, the provisions of applicable state and local law, including building codes, zoning ordinances, G.L. c. 21E, including, without limitation, the so-called Superfund Lien, and Title V of the State Environmental Code.

The Property shall be conveyed and transferred subject to any right of redemption of the United States of America or any agency thereof, if any.

The Property shall be conveyed and transferred subject to all easements, liens, reservations and encumbrances, if any, having priority over the Mortgage.

If, at any time between the execution of this Memorandum of Sale (hereinafter the "Memorandum") and the closing, there is any tenant or occupant in residence, the Buyer, if he or she wishes to evict such tenant or occupant, must do so at his or her own expense after closing.

## 4. PRICE AND DEPOSIT

The bid price for which the Property has been sold to the Buyer is **Two Hundred Seventy Five Thousand and 00/100 Dollars ($275,000.00)** of which **Ten Thousand and 00/100 Dollars ($10,000.00)** has been paid this day, as a deposit, in accordance with the terms of the Notice of Sale and this Memorandum, with the balance to be paid by certified check or bank check at the time of the delivery of the deed. The Bank shall be entitled to any interest earned on the deposit, and the amount to be paid by the Buyer shall not be adjusted to reflect any interest earned on the deposit.

## 5. CLOSING

The deed and associated papers shall be delivered and the balance of the purchase price paid at the office of Shechtman Halperin Savage LLP, 1080 Main Street, Pawtucket, Rhode Island on or before 1:00 p.m. on the thirtieth (30th) day following the sale, provided that such day is one on which the Registry is open for business, and, if not, then on the next day on which such Registry is open for business, or such other time and place as may be mutually agreed upon in writing by the Bank and the Buyer (the "Closing"). **TIME IS OF THE ESSENCE IN THIS AGREEMENT AS TO BUYERS OBLIGATIONS HEREUNDER.**

## 6. TITLE

In the event the Bank for any reason cannot convey title to the Property as stipulated, the deposit, and if applicable, the balance of the purchase price, shall be refunded and all rights hereunder shall cease, and the Buyer shall have no recourse against the Bank, or its employees, agents and representatives, whether at law or in equity; provided, however, that Buyer shall have the election to accept such title as the Bank can deliver to the Property in its then condition and to pay therefor the purchase price without deduction, in which event the Bank shall convey such title. In the event of such election by Buyer, the Bank shall have no duty or obligation to remove any cloud or defect in title.

The Bank reserves the right to cancel this Memorandum in the event that (a) it is stayed from consummating the sale by virtue of the automatic stay provisions of the Bankruptcy Code or such other bankruptcy court order; (b) a court approves a memorandum of lis pendens against the Property; (c) the Bank is enjoined from conveying the Property to Buyer for any reason; or (d) as a result of claims asserted by third parties against the Bank or against the Property the Bank determines that it is not in the best interest of the Bank and/or the mortgagor(s) to convey the Property to Buyer. In the event of such cancellation by the Bank, the deposit, and, if applicable, the balance of the purchase price, shall be refunded and all rights hereunder shall cease, and the Buyer shall have no recourse against the Bank, its employees, agents, attorneys or representatives, whether at law or in equity.

## 7. RISK OF LOSS

As of the execution of this Memorandum, Buyer shall have the sole risk of loss on the Property and shall maintain casualty insurance covering the Property in a reasonable amount as determined in the sole discretion of the Buyer. If the Property is damaged by fire or other casualty prior to closing, Buyer shall accept a deed to the Property and an assignment, if applicable, of so much of the insurance proceeds as has not been used in the restoration of the Property prior to the Closing, paying therefor the full balance of the bid price. The Bank is under no obligation to maintain insurance on the property.

## 8. ACCEPTANCE OF DEED

The acceptance of a deed to the Property by the Buyer or Buyer's nominee, as the case may be, shall be deemed to be a full performance and discharge of every agreement and obligation herein contained or expressed or arising out of said public auction on the part of the Bank to be performed or observed.

## 9. CONDITION OF THE PROPERTY

The Property shall be conveyed in "AS-IS" condition, without representation or warranty as to the condition, construction, fitness for habitation or whether it conforms to applicable federal, state or local building and sanitary codes, including but not limited to, whether or not the septic system, if any, complies with Title 5 Regulations enacted by the Department of Environmental Protection of the State of Massachusetts. Buyer hereby agrees to perform all inspections and upgrades of the septic system required by Title 5 and regulations set forth in the Code of Massachusetts Regulations ("CMR"), including without limitation, 310 CMR 15.300 through 15.305. Such inspections and upgrades shall be at Buyer's sole expense and shall be performed within the time frame and in accordance with the requirements set forth in Title 5 and the aforesaid regulations. Buyer agrees to indemnify and hold harmless the Bank from and against any and all claims or liabilities relating to or arising out of the Title 5 septic system requirements relating to the Property. THE BANK SHALL NOT BE LIABLE OR RESPONSIBLE FOR ANY APPROVALS, CERTIFICATIONS, INSPECTIONS AND UPGRADES OF THE SEPTIC SYSTEM, IF ANY. This provision shall survive the delivery of the deed.

The Buyer is advised that the Massachusetts General Laws provide for a program of lead poisoning prevention and control if a child under six years of age becomes a resident of the dwelling being purchased. The Buyer hereby acknowledges and represents receipt of the "lead paint" notification as required in 105 C.M.R. 460.720(B) and further acknowledges that he/she understands that, because the sale of the above property is the result of a foreclosure proceeding, pursuant to the terms set forth in the Memorandum of Sale, he/she will not have an opportunity to have a lead inspection conducted on the property. The Buyer assumes all risks as regards the lead poisoning prevention statutes.

The Buyer is further advised that Massachusetts General Laws require that smoke detectors be installed in all residential structures. The Buyer agrees to assume all costs of inspection fees for smoke detection equipment and Buyer further acknowledges that such equipment shall meet all of the minimum State or City requirements.

Any inspections or improvements to the Property referenced in this Memorandum or required by law shall be performed by the Buyer after the Closing.

The Buyer acknowledges that Buyer has not been influenced to enter into this transaction by, nor has it relied upon, any warranties or representations of the Bank or the Auctioneer not set forth or incorporated in this Memorandum.

## 10. ADJUSTMENTS

There shall be no adjustments to the price being paid for the Property.

## 11. BROKERS

No commission shall be payable to any party on account of this sale unless the Bank, in writing prior to this auction, has indicated its intention to pay commission and has stipulated, in writing, the terms under which commission will be paid. Buyer agrees to indemnify and hold harmless Bank and Auctioneer from and against any claim, loss, damage, cost or liability for any brokerage commission or fee which may be asserted against Bank or Auctioneer in connection with this transaction. The provisions of this paragraph shall survive delivery of the deed.

## 12. BUYER'S DEFAULT; NON-LIQUIDATED DAMAGES

In the event that Buyer notifies the Bank, or Bank's attorneys, at or prior to Closing that Buyer does not intend to purchase the Property at the Closing, or Buyer fails to tender the balance of the purchase price on or before the Closing, such Buyer shall be in default hereunder.

In the event of such default by Buyer, the Bank reserves the right, but shall not be required, to enter into this Memorandum with the next highest bidder at this auction who is then willing to purchase the Property at the price bid by him or her at the time of this Auction. If the Bank, in its sole discretion, elects to exercise such right, it may enter into this Memorandum with the next highest bidder. Any means of communication with such bidder, including without limitation, telephone, facsimile, mail, hand-delivery or overnight mail service, may be utilized by the Bank in ascertaining whether such bidder is then willing to enter into this Memorandum. If such bidder expresses a willingness to enter into this Memorandum, the proposed Memorandum reflecting a purchase price equal to such bidder's bid made at this auction, and providing for a Closing to take place on the first business day following the expiration of 30 days from the date of execution of such Memorandum, shall be delivered to such bidder for signature by forwarding same by overnight mail, to such bidder at the address provided by such bidder at the time of this auction (the "Delivery"). The sending of the Memorandum to such address shall constitute delivery of same to the bidder regardless of whether same is actually received by such bidder. The signed Memorandum and the deposit required thereunder must be received by the Bank's attorneys, Shechtman Halperin Savage LLP, at 1080 Main Street, Pawtucket, Rhode Island 02860 no later than 5:00 p.m. on the third business day following Delivery. Failure by such bidder to sign and return the Memorandum and deposit within the time set forth herein, **TIME BEING OF THE ESSENCE**, shall constitute a refusal by such bidder to enter into such Memorandum. Nothing set forth in this Memorandum shall create any rights in favor of an unsuccessful bidder unless and until the Bank and such bidder have entered into this Memorandum.

The Bank shall have the option, in its sole discretion, and as an alternative to the remedy set forth above, to resell the Property under the statutory power of sale, at auction without notice to or approval from Buyer or any other bidders. The Bank is under no obligation to offer the Property to any subsequent bidder in the event of a default by Buyer, before conducting a resale of the Property.

The sale of the Property, either under the statutory power of sale, or to an unsuccessful bidder as set forth herein, shall not release the defaulting Buyer from liability for breach of contract, and in the case of default by the Buyer, the deposit paid by the Buyer shall become the property of the Bank. Retention of said deposit shall not constitute a waiver of the Bank's rights to pursue all other available remedies, including but not limited to specific performance, and nothing in this provision or contained in this Memorandum shall be deemed to constitute such a waiver.

## 13. DEED STAMPS AND RECORDING FEES

Buyer shall pay all documentary stamps required to be affixed to the foreclosure deed by the laws of the Commonwealth of Massachusetts. The Buyer shall pay all recording fees and closing costs in connection with the transfer of the Property.

## 14. CONSTRUCTION OF AGREEMENT

This instrument is to be construed as a Massachusetts contract, is to take effect as a sealed instrument, sets forth the entire contract between the parties, is binding upon and inures to the benefit of the parties hereto and their respective heirs, devisees, executors, administrators, successors and assigns, and may be canceled, modified or amended only by a written instrument executed by both the Bank and the Buyer. If two or more persons are named herein as Buyer, their obligations hereunder shall be joint and several. The captions and marginal notes are used only as a matter of convenience and are not to be considered a part of this Memorandum or to be used in determining the intent of the parties to it.

I, the Buyer at this Public Auction Sale, do hereby acknowledge that I have read the foregoing Memorandum of Sale and agree to the terms and conditions contained herein. I further acknowledge that I have received a copy of this Memorandum.

For Mortgagor's Title see deed dated February 16, 2002, and recorded in the Middlesex County (Southern District) Registry of Deeds, in Book 34935, Page 516 and the Estate of Anthony M. Gemma Probate File, Middlesex South Probate and Family Court Docket# 05P3184 and related documents recorded in said Registry in Book 45615, Page 556.

TERMS OF SALE: Said premises will be sold and conveyed subject to all liens, encumbrances, unpaid taxes, tax titles, municipal liens and assessments, if any, which take precedence over the said mortgage above described.

TEN THOUSAND ($10,000.00) Dollars of the purchase price must be paid in cash, certified check, bank treasurer's or cashier's check at the time and place of the sale by the purchaser. The balance of the purchase price shall be paid in cash, certified check, bank treasurer's or cashier's check within thirty (30) days after the date of sale.

Other terms to be announced at the sale.

Shechtman Halperin Savage, LLP
1080 Main Street
Pawtucket, RI 02860
Attorney for Robert T. Engleby
Present Holder of the Mortgage
(401) 272-1400

COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                                    MIDDLESEX SUPERIOR COURT
                                                 CIVIL ACTION NO:


REEM PROPERTY, LLC                     )              15~538n
                    Plaintiff,         )
                                       )
          v.                           )
                                       )
ROBERT T. ENGLEBY                      )
                    Defendant          )
_____      )


     At an Ex-Parte hearing on the Plaintiff's motion to approve a Lis Pendens, the
court finds that the pending action does constitute a claim that of a right to title to real
property and further finds that if notified, there is a clear danger that the defendant would
convey the property.


_____Justice of the Superior Court


Dated:_____

**CIVIL ACTION COVER SHEET**

TRIAL COURT OF MASSACHUSETTS
SUPERIOR COURT DEPARTMENT
COUNTY OF   MIDDLESEX

DOCKET NO. _____

15-5380

| PLAINTIFF(S) | DEFENDANT(S) |
|---|---|
| Reem Property, LLC | Robert T. Engleby |

Plaintiff Atty   David Summer

Type Defendant's Attorney Name

Address   100 State Street, Suite 900

Defendant Atty

City   Boston    State   MA   Zip Code   02109

Address

City ___   State ___   Zip Code ___

Tel.   +1 (617) 695-0050     BBO#   634,514

**TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)**

CODE NO.        TYPE OF ACTION (specify)        TRACK        IS THIS A JURY CASE?

A08 Sale or Lease of Real Estate -  Fast Track          [ ] Yes  [ ] No

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages.  For this form, disregard double or treble damage claims; indicate single damages only.

**TORT CLAIMS**
(Attach additional sheets as necessary)

A.   Documented medical expenses to date:
  1.   Total hospital expenses                                                                              $_____
  2.   Total doctor expenses                                                                                $_____
  3.   Total chiropractic expenses                                                                          $_____
  4.   Total physical therapy expenses                                                                      $_____
  5.   Total other expenses (describe)                                                                      $_____
                                                                                              Subtotal     $_____
B.   Documented lost wages and compensation to date                                                         $_____
C.   Documented property damages to date                                                                    $_____
D.   Reasonably anticipated future medical expenses                                                         $_____
E.   Reasonably anticipated lost wages and compensation to date                                             $_____
F.   Other documented items of damages (describe)                                                           $_____

G.   Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                                                    Total $_____

FILED
IN THE OFFICE OF THE
CLERK OF COURTS
FOR THE COUNTY OF MIDDLESEX

AUG 18 2015

CLERK

**CONTRACT CLAIMS**
(Attach additional sheets as necessary)

Provide a detailed description of claim(s):

Failure to sell real estate, retained of deposit

TOTAL   $ 275,000

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

AI hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods.

Signature of Attorney of Record _____        Date: 8/18/15

A.O.S.C. 3-2007

## CIVIL ACTION COVER SHEET INSTRUCTIONS
### SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

| * CONTRACTS | | * REAL PROPERTY | | MISCELLANEOUS | |
|---|---|---|---|---|---|
| A01  Services, Labor and Materials  F) | | C01  Land Taking (eminent domain)  (F) | | E02  Appeal from Administrative | |
| A02  Goods Sold and Delivered  (F) | | C02  Zoning Appeal, G.L. c.40A  (F) | | Agency G.L. c. 30A  (X) | |
| A03  Commercial Paper  (F) | | C03  Dispute concerning title  (F) | | E03  Claims against Commonwealth | |
| A08  Sale or Lease of Real Estate  (F) | | C04  Foreclosure of mortgage  (X) | | or Municipality  (A) | |
| A12  Construction Dispute  (A) | | C05  Condominium Lien & Charges  (X) | | E05  Confirmation of Arbitration Awards  (X) | |
| A99  Other (Specify)  (F) | | C99  Other (Specify)  (F) | | E07  G.L. c.112, s.12S (Mary Moe)  (X) | |
| E03  Claims against Commonwealth  (A) | | E03  Claims against Commonwealth | | E08  Appointment of Receiver  (X) | |
| or Municipality | | or Municipality | | E09  General Contractor bond, | |
| | | | | G.L. c. 149, ss. 29, 29a  (A) | |
| | | **EQUITABLE REMEDIES** | | E11  Workers Compensation  (X) | |
| *TORT | | D01  Specific Performance of Contract  (A) | | E12  G.L.c.123A, s.12 (SDP Commitment)  (X) | |
| B03  Motor Vehicle Negligence  (F) | | D02  Reach and Apply  (F) | | E14  G.L. c. 123A, s. 9 (SDP Petition) | |
| personal injury/property damage | | D06  Contribution or Indemnification  (F) | | E15  Abuse Petition, G. L. c. 209A  (X) | |
| B04  Other Negligence- | | D07  Imposition of a Trust  (A) | | E16  Auto Surcharge Appeal  (X) | |
| personal injury/property damage | | D08  Minority Stockholder's Suit  (A) | | E18  Civil Rights Act, G.L. c.12, s. 11H  (A) | |
| B05  Products Liability  (A) | | D10  Accounting  (A) | | E18  Foreign Discovery Proceeding  (X) | |
| B06  Malpractice-Medical  (A) | | D12  Dissolution of Partnership  (A) | | E19  Sex Offender Registry G.L. c. 178M, | |
| B07  Malpractice-Other (Specify)  (A) | | D13  Declaratory Judgment G.L. c. 231A  (A) | | s. 6  (X) | |
| B08  Wrongful Death, G.L. c.229, s.2A  (A) | | D99  Other (Specify)  (F) | | E21  Protection from Harassment c 258E  (X) | |
| B15  Defamation (Libel-Slander)  (A) | | | | E25  Plural Registry (Asbestos cases) | |
| B19  Asbestos  (A) | | | | E94  Forfeiture G.L. c.265 s.56  (X) | |
| B20  Personal Injury- slip & fall  (F) | | | | E95  **Forfeiture G.L. c. 94C, s. 47  (F) | |
| B21  Environmental  (F) | | | | E96  Prisoner Cases  (F) | |
| B22  Employment Discrimination  (F) | | | | E97  Prisoner Habeas Corpus  (X) | |
| B99  Other (Specify)  (F) | | | | E99  Other (Specify)  (X) | |
| E03  Claims against Commonwealth  (A) | | | | | |

*Claims against the Commonwealth or a municipality are type E03, Average Track, cases.
**Claims filed by the Commonwealth pursuant to G L c 94C, s 47 Forfeiture cases are type E95, Fast track.

TRANSFER YOUR SELECTION TO THE FACE SHEET.

EXAMPLE:

| CODE NO. | TYPE OF ACTION (SPECIFY) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | (F) | [ X ] Yes     [   ] |

### SUPERIOR COURT RULE 29

**DUTY OF THE PLAINTIFF.** The plaintiff or his/her counsel shall set forth, on the face sheet (or attach additional sheets as necessary), a statement specifying in full and itemized detail the facts upon which the plaintiff then relies as constituting money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served on the defendant together with the complaint. If a statement of money damages, where appropriate is not filed, the Clerk-Magistrate shall transfer the action as provided in Rule 29(5)(C).

**DUTY OF THE DEFENDANT.** Should the defendant believe the statement of damages filed by the plaintiff in any respect inadequate, he or his counsel may file with the answer a statement specifying in reasonable detail the potential damages which may result should the plaintiff prevail. Such statement, if any, shall be served with the answer.

### A CIVIL ACTION COVER SHEET MUST BE FILED WITH EACH COMPLAINT.

### FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
### MAY RESULT IN DISMISSAL OF THIS ACTION.

| CIVIL TRACKING ORDER<br>(STANDING ORDER 1-88) | DOCKET NUMBER<br>**1581CV05380** | **Trial Court of Massachusetts**<br>**The Superior Court** |
|---|---|---|

| CASE NAME:<br>Reem Property, LLC vs. Robert T Engleby | Michael A. Sullivan, Clerk of Court<br>Middlesex County |
|---|---|

| TO:  File Copy<br>, | COURT NAME & ADDRESS<br>Middlesex County Superior Court - Woburn<br>200 Trade Center<br>Woburn, MA 01801 |
|---|---|

### TRACKING ORDER - F - Fast Track

You are hereby notified that this case is on the track referenced above as per Superior Court Standing Order 1-88. The order requires that the various stages of litigation described below must be completed not later than the deadlines indicated.

| STAGES OF LITIGATION | SERVED BY | FILED BY | HEARD BY |
|---|---|---|---|
| Service of process made and return filed with the Court | | 11/16/2015 | |
| Response to the complaint filed (also see MRCP 12) | | 12/16/2015 | |
| All motions under MRCP 12, 19, and 20 | 12/16/2015 | 01/15/2016 | 02/16/2016 |
| All motions under MRCP 15 | 12/16/2015 | 01/15/2016 | 02/16/2016 |
| All discovery requests **and depositions** served and non-expert despositions completed | 06/13/2016 | | |
| All motions under MRCP 56 | 07/13/2016 | 08/12/2016 | |
| Final pre-trial conference held and/or firm trial date set | | | 12/12/2016 |
| Case shall be resolved and judgment shall issue by | | | 08/17/2017 |

**The final pre-trial deadline is <u>not the scheduled date of the conference</u>.** You will be notified of that date at a later time.

**Counsel for plaintiff must serve this tracking order on defendant before the deadline for filing return of service.**

This case is assigned to

| DATE ISSUED<br>**08/18/2015** | ASSISTANT CLERK | PHONE<br>**(781)939-2748** |
|---|---|---|

Date/Time Printed: 08-18-2015 15:16:14                                             SCV026\ 11/2014

5

# COMMONWEALTH OF MASSACHUSETTS

MIDDLESEX, ss                        MIDDLESEX SUPERIOR COURT
                                     CIVIL ACTION NO:

|  |  |  |
|---|---|---|
| REEM PROPERTY, LLC | ) | 15-5380 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROBERT T. ENGLEBY | ) | |
| Defendant | ) | |
| | ) | |

## MEMORANDUM OF LIS PENDENS

Notice is hereby given there is currently pending in the ~~Middlesex~~ *Middlesex* County

Superior Court as case # *15- 5380*      an action affecting the real estate located at

6-8 Morgan Place, Newton, Massachusetts, more particularly described in a deed

recorded in Middlesex County Registry of Deeds in Book 34935, Page 516.

The named parties to this action are Reem Property, LLC as Plaintiff and Robert

T., Engleby as Defendant.  The action was commenced on August 18, 2015.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

REEM PROPERTY, LLC )
Plaintiff )
)
)
v. )
)
ROBERT T. ENGLEBY )
Defendant )
)
)

Civil Action No. _____

I hereby certify on 9/4/15 that the
foregoing document is true and correct copy of the
☐ electronic docket in the captioned case
☐ electronically filed original filed on 9/4/15
☐ original filed in my office on _____

Robert M. Farrell
Clerk, U.S. District Court
District of Massachusetts

_____
Deputy Clerk

<u>**NOTICE OF REMOVAL**</u>

To:   Clerk of the Court
      United States District Court
      1 Courthouse Way, Suite 2300
      Boston, MA 02210

      Clerk of the Court
      Middlesex County Superior Court
      200 Trade Center, 2nd Floor
      Woburn, MA 01801

      David Summer, Esquire
      100 State Street, Suite 900
      Boston, MA 02109

PLEASE TAKE NOTICE that Defendant Robert. T. Engleby hereby removes this state court action to the United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §§ 1441, 1446, and 1332, on the basis of diversity of citizenship.  As grounds in support thereof, Robert T. Engleby respectfully represents to this Honorable Court that:

    1.    On or about August 18, 2015, Reem Property, LLC ("Plaintiff") filed Civil Action No. 15-5380 against Robert T. Engleby in the Middlesex Superior Court of the Commonwealth of Massachusetts ("Complaint").

    2.    Robert T. Engleby has filed no pleadings or papers in the state court action in response to the Complaint.

1

3.      Plaintiff's claims in the State Court action relate to property located at 6-8 Morgan Place, Newton, Massachusetts (the "Property").

## STATUTORY REQUIREMENTS -28 U.S.C. §§ 1441, 1446, and 1332

4.      Removal of this case is proper pursuant to 28 U.S.C. §§ 1441(b) and 1446(a), which entitles a defendant to remove a civil action over which this Court has jurisdiction on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332.

5.      This Notice of Removal is being timely filed, within thirty (30) days of Robert T. Engleby's receipt of a copy of the Complaint, in accordance with 28 U.S.C. § 1446(b).

6.      This action is one over which this Court has original jurisdiction under 28 U.S.C. § 1332(a)(1) due to diversity of citizenship, and it is one that may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441(a) because:

   a.   Plaintiff, Reem Property, LLC is upon information and belief a citizen of the Commonwealth of Massachusetts;

   b.   Robert T. Engleby is a citizen of the State of Colorado.

7.      Accordingly, complete diversity of citizenship exists between Plaintiff and the Defendant.

8.      Venue in this Court is proper under 28 U.S.C. § 1391(a), because a substantial part of the alleged events giving rise to Plaintiff's claims occurred in this District and the claims concern real estate located in this District.

9.      The amount in controversy with respect to Plaintiff's claims, exclusive of interest and costs, exceeds $75,000.00 and is between citizens of different States, as required by 28 U.S.C. § 1332(a).  The value of the matter in controversy is measured not

2

by the monetary judgment which the *plaintiff* may recover but by the judgment's

pecuniary consequences to those involved in the litigation. *See, Barbosa v. Wells Fargo*

*Bank, N.A.*, 2013 U.S. Dist. LEXIS 114135 (D. Mass. Aug. 13, 2013) and cases cited

therein.

## PROCEDURAL REQUIREMENTS

10.     Pursuant to 28 U.S.C. 1441 and 1446, this Court is part of the "district and

division" embracing the place where this action was filed – Middlesex County Superior

Court.

11.     This Notice of Removal is being timely filed, within thirty (30) days of

Robert T. Engleby's receipt of service of the Complaint, in accordance with 28 U.S.C. §

1446(b).

12.     Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and

orders served upon Robert T. Englby by Reem Property, LLC are attached hereto as

Exhibit A.

13.     Pursuant to Local Rules 5.4(F) and 81.1(a), Robert T. Engleby will file

certified or attested copies of all records, proceedings, and docket entries of the state

court within 28 days after filing the notice for removal.

14.     Pursuant to 28 U.S.C. § 1446(d), Robert T. Engleby will provide written

notice of this petition to all adverse parties.

15.     Pursuant to 28 U.S.C. § 1446(d), Robert T. Engleby will file a copy of this

Notice of Removal with the Clerk of the Massachusetts Superior Court, Middlesex

County, Commonwealth of Massachusetts.

16.     This Notice of Removal is signed pursuant to Fed.R.Civ.P. 11.

3

## CONCLUSION

Based upon the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332, and the State Court action may be removed to this Court under 28 U.S.C. § 1441 and 1446.

In filing this Notice of Removal, Robert T. Engleby does not waive, and specifically reserves, any and all defenses, exceptions, rights and motions.

WHEREFORE, Robert T. Engleby respectfully states that this action should proceed in the United States District Court for the District of Massachusetts, as an action properly removed thereto, based on diversity of citizenship.

Respectfully submitted,
Robert T. Engleby

By his attorneys,

/s/ Michael P. Robinson
Michael P. Robinson (BBO#649575)
SHECHTMAN HALPERIN SAVAGE, LLP
1080 Main Street
Pawtucket, RI 02860
401-272-1400
401-272-1403 (fax)
mrobinson@shslawfirm.com

Dated: September 3, 2015

4

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of September 2015, that I have caused the within Notice of Removal to be filed with the Court via the ECF filing system.  As such, this document will be electronically sent to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

/s/ Michael P. Robinson

5



*Allison Y. Charette*
*acharette@shslawfirm.com*

September 14, 2015

**VIA FEDEX OVERNIGHT**
Middlesex Superior Court
Attn: Civil Clerk
200 Trade Center, 2nd Floor
Woburn, MA 01801

Re:  *Reem Property, LLC vs. Robert T. Engleby*
     *15-5380*

Dear Sir/Madam:

Enclosed herewith please find a CERTIFIED COPY of the Notice of Removal in regard to the above-referenced matter.

As time is of the essence due to the Statute requiring that we e-file the State Court record in the Federal Court **on or before October 2, 2015**, we would ask that you please provide us with the CERTIFIED COPIES of the Docket Sheets, CERTIFIED COPIES of the State Court record, and your invoice, via the FEDEX Envelope enclosed herewith.  Again, these documents must be **received** in or office in time for us to e-file the documents in the Federal Court on or before October 2nd.  I would appreciate your prompt assistance in this matter.

Please do not hesitate to contact me at the Rhode Island address listed below should you have any questions or comments.

Very truly yours,

Allison Y. Charette
Paralegal

Enclosure



CRTR2709-CR

# COMMONWEALTH OF MASSACHUSETTS
## MIDDLESEX COUNTY
### Public Docket Report

## 1581CV05380
### Reem Property,LLC  vs.  Engleby, Robert

| | | | |
|---|---|---|---|
| **CASE TYPE:** | Contract / Business Cases | **FILE DATE:** | 08/18/2015 |
| **ACTION CODE:** | A08 | **CASE TRACK:** | F - Fast Track |
| **DESCRIPTION:** | Sale or Lease of Real Estate | | |
| **CASE DISPOSITION DATE** | | **CASE STATUS:** | Open |
| **CASE DISPOSITION:** | Pending | **STATUS DATE:** | 08/18/2015 |
| **CASE JUDGE:** | | **CASE SESSION:** | |

## LINKED CASE

## PARTIES

**Plaintiff**
Reem Property,LLC
291 Main St.
Unit 8B
Northborough, MA 01532

**Attorney**                                           634514
David B. Summer
Law Office of David B. Summer
Law Office of David B. Summer
100 State Street, Suite 900
Boston, MA 02109
Work Phone (617) 695-0050
Added Date: 08/18/2015

**Defendant**
Engleby,  Robert  T.
1110  South Peak View Dr.
Castle Rock, CO 80109

## FINANCIAL DETAILS

| Date | Fees/Fines/Costs | Assessed | Paid | Dismissed | Balance |
|---|---|---|---|---|---|
| 08/18/2015 | Civil Surcharge (G.L. c. 262, § 4C) | 15.00 | 15.00 | 0.00 | 0.00 |
| 08/18/2015 | Civil Security Fee (G.L. c. 262, § 4A) | 20.00 | 20.00 | 0.00 | 0.00 |
| 08/18/2015 | Civil Filing Fee (per Plaintiff) | 240.00 | 240.00 | 0.00 | 0.00 |
| 08/18/2015 | Fee for Blank Summons or Writ (except Writ of Habeas Corpus) MGL 262 sec 4b | 5.00 | 5.00 | 0.00 | 0.00 |
| | **Total** | **280.00** | **280.00** | **0.00** | **0.00** |

Printed: 09/23/2015  11:17 am      Case No:  1581CV05380

Page: 1

| INFORMATIONAL DOCKET ENTRIES | | | |
|---|---|---|---|
| Date | Ref | Description | Judge |
| 08/18/2015 | | Appearance entered<br>On this date David B. Summer, Esq. added for Plaintiff Reem Property,LLC | |
| 08/18/2015 | | Case assigned to:<br>DCM Track F - Fast Track was added on 08/18/2015 | |
| 08/18/2015 | | Demand for jury trial entered. | |
| 08/18/2015 | 1.00 | Original civil complaint filed. | |
| 08/18/2015 | 2.00 | Civil action cover sheet filed. | |
| 08/18/2015 | 3.00 | Plaintiff(s) Reem Property,LLC's   Motion for a Memorandum of Lis Pendens<br>ALLOWED.  (Krupp, J.).  Copy given in hand. | |
| 08/18/2015 | 4.00 | Affidavit of Mohammad Abouchleih | |
| 08/18/2015 | 5.00 | Memorandum of Lis Pendens issued<br><br>(Certified Copy).  I find that Case #15-5980 pending in Middlesex Superior Court constitutes a claim of a right to title to the real property at 6-8 Morgan Place, Newton, MA and that defendant eother is not subject to jurisdiction of the Court or there is a clear danger that defendant, if notified in advance of this Memorandum, will encumber or convey the property.  See scanned image.  Original and certified copy given in hand.<br><br>Applies To: Engleby, Robert T (Defendant) | Krupp |
| 09/02/2015 | 6.00 | Affidavit Of  Service Returned for<br>Defendant Engleby, Robert T.: Service accepted by counsel; 8/25/15, 1110 South Peak Dive, Castle Rock, CO 80109 | |
| 09/23/2015 | | REMOVED to the U.S. District Court<br>by Defendant Robert T. Engleby | Salinger |