UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

REEM PROPERTY, LLC,
    Plaintiff,

      v.                         CIVIL ACTION NO.
                               15-40127-PBS

ROBERT T. ENGLEBY,
    Defendant.


**REPORT AND RECOMMENDATION RE:**
**DEFENDANT'S SPECIAL MOTION TO DISMISS THE COMPLAINT**
**(DOCKET ENTRY # 6)**

**December 14, 2015**

**BOWLER, U.S.M.J.**

    This real estate dispute arises out of defendant Robert T. Engleby's ("defendant") refusal to convey a piece of property when plaintiff Reem Property, LLC ("plaintiff") tendered the purchase price three days late.  A memorandum of sale between the parties reflects that "time is of the essence."  (Docket Entry # 1-1, Ex. A, p. 14) (emphasis omitted).

    Pending before this court are:  (1) defendant's special motion to dismiss a verified complaint filed by plaintiff (Docket Entry # 6); and (2) defendant's motion to dissolve a memorandum of lis pendens plaintiff obtained in Massachusetts Superior Court Department (Middlesex County) ("Middlesex Superior Court").  (Docket Entry # 7).  After conducting a

hearing on October 7, 2015, this court took the motions under advisement.

I.   <u>Procedural Background</u>

On August 18, 2015, plaintiff filed the verified complaint along with a motion for a memorandum of lis pendens in Middlesex Superior Court under Massachusetts General Laws chapter 184, section 15(b).  (Docket Entry # 1).  The complaint did not include a certification that "no material facts have been omitted" from the complaint.  <u>See</u> Mass. Gen. L. ch. 184, § 15(b) (requiring certification that "no material facts have been omitted" from complaint).  On the same day, the court allowed the ex parte motion and found that the complaint "constitute[d] a claim of a right to title to real property," and "there [was] a clear danger that defendant, if notified in advance of this memorandum, [would] encumber or convey the property." (Docket Entry # 1-1, p. 5).  On September 2, 2015, plaintiff filed an affidavit of service stating that plaintiff's attorney had made service on defendant "pursuant to Mass.R.Civ.P. 4(e)(3), via certified mail with a return receipt, at 1110 South Peak Drive, Castle Rock, CO 80109." (Docket Entry # 14, p. 2).

On September 4, 2015, defendant filed a notice removing this action from Middlesex Superior Court to the United States District Court for the District of Massachusetts on the basis of diversity jurisdiction.  (Docket Entry # 14, p. 19).  The notice

of removal reflects that defendant did "not waive, and
specifically reserves, any and all defenses."  (Docket Entry #
14, p. 22).

    After removal on September 11, 2015, defendant filed the
special motion to dismiss the complaint.  (Docket Entry # 6).
The motion seeks to dismiss the complaint under Fed.R.Civ.P.
12(b)(5) ("Rule 12(b)(5)"), Fed.R.Civ.P. 12(b)(6) ("Rule 12
(b)(6)") and Massachusetts General Laws chapter 184, section
15(c) ("section 15(c)").  (Docket Entry # 6).  Separately, on
September 11, 2015, plaintiff filed the motion to dissolve the
memorandum of lis pendens under section 15(c).  (Docket Entry #
7).

    The complaint sets out the following counts:  (1) breach of
contract (Count I); (2) breach of the implied covenant of good
faith and fair dealing (Count II); (3) unjust enrichment (Count
III); (4) conversion (Count IV); and (5) violation of
Massachusetts General Laws chapter 93A ("chapter 93A") (Count
V).  (Docket Entry # 1-1).

II.  Rule 12(b)(5) Dismissal

    In the special motion to dismiss, defendant moves to
dismiss the complaint for lack of service of process under Rule
12(b)(5).  In order to "exercise personal jurisdiction over a
defendant, the procedural requirement of service of summons must
be satisfied."  Omni Capital International, Ltd. v. Rudolf Wolff

& Co., Ltd., 484 U.S. 97, 104 (1987); see Vázquez-Robles v.

CommoLoCo, Inc., 757 F.3d 1, 4 (1st Cir. 2014) ("jurisdiction

normally depends on legally sufficient service of process")

(citing Omni Capital, 484 U.S. at 104); United Electrical, Radio

and Machine Workers of America v. 163 Pleasant St. Corp., 960

F.2d 1080, 1085 (1st Cir. 1992) ("service of process constitutes

the vehicle by which the court obtains jurisdiction").[1]

Exercising this court's discretion, this court turns to the

service of process issue before reaching, if necessary, the

plausibility of the complaint under Rule 12(b)(6) and the

dissolution of the memorandum of lis pendens.   See Ruhrgas AG

v. Marathon Oil Co., 526 U.S. 574, 585 (1999) ("[i]t is hardly

novel for a federal court to choose among threshold grounds for

denying audience to a case on the merits").

Defendant argues that plaintiff's chosen means to serve

defendant by certified mail sent to his father at the Castle

Rock address does not comply with Mass.R.Civ.P. 4 or

Fed.R.Civ.P. 4(e).  (Docket Entry # 8).  Plaintiff maintains

that it has until November 16, 2015 under Massachusetts law, see

---

[1]  Neither party argues that defendant consented to service or
waived the issue.  See Omni Capital International, Ltd. v.
Rudolf Wolff & Co., Ltd., 484 U.S. at 104 (noting that,
"[a]bsent consent, . . . there must be authorization for service
of summons on the defendant"); Lechoslaw v. Bank of Am., N.A.,
618 F.3d 49, 55 (1st Cir. 2010) (discussing waiver).

Mass.R.Civ.P. 4(j), and December 16, 2015 under federal law, see
Fed.R.Civ.P. 4(m), to serve the complaint.[2] (Docket Entry # 13).
Plaintiff filed the opposition to the motion seven weeks before
the November 16, 2015 deadline.  As a result, it argues that,
"Regardless of whether the Defendant was improperly served at
his father's address," the time period had not passed and a
dismissal is therefore improper.  (Docket Entry # 13) (citing
DiDonato v. Mosher, 1996 WL 480773, at *2 (Mass.App.Ct. Aug. 15,
1996) (reversing dismissal for insufficient service because
"plaintiffs still had twenty-seven days to effect service under
Mass.R.Civ.P., Rule 4(j)").

    In adjudicating a Rule 12(b)(5) motion to dismiss for
insufficiency of service, a court may "look beyond the pleadings
and may consider affidavits and other documents to determine
whether process was properly served."  Cutler Associates, Inc.
v. Palace Construction, LLC, 2015 WL 5569987, at *1 (D.Mass.
Sept. 22, 2015); Morse v. Massachusetts Executive Office of
Public Safety, 2013 WL 1397736, at *1 (D.Mass. April 4, 2013).
Where, as here, "a defendant seasonably challenges the adequacy
of service, the plaintiff has the burden of showing that service
was proper."  Vázquez-Robles v. CommoLoCo, Inc., 757 F.3d at 4.

---

[2]  Plaintiff identified the December 16, 2015 date at the October
2015 hearing as opposed to in the opposition to the motion
(Docket Entry # 13).

Plaintiff and defendant cite to both the federal rule, Fed.R.Civ.P. 4, and the state rule, Mass.R.Civ.P. 4. Plaintiff filed the complaint on August 18, 2015. (Docket Entry # 14, p. 15). He attempted service in late August 2015 and filed an affidavit of service on September 2, 2015. Defendant filed the notice of removal on September 4, 2015. Because plaintiff originally filed this case in Massachusetts state court and the attempted service took place prior to removal, Massachusetts law governs the "validity of service and process." Frankston v. Denniston, 376 F.Supp.2d 35, 39 (D.Mass. 2005); see Sindi v. El-Moslimany, 2014 WL 1281522, at *1 (D.Mass. March 26, 2014) (in determining "validity of service in state court prior to removal, the law of the state under which service was effected must be applied"); Zeballos v. Tan, 2006 WL 1975995, at *6 (S.D.N.Y. July 10, 2006) ("[b]ecause service was attempted only *before* removal to federal court, the propriety of service must be determined by reference to state law"); Federal Insurance Co. v. Tyco International Ltd., 422 F.Supp.2d 357, 384 n.16 (S.D.N.Y. 2006). As stated in Fed.R.Civ.P. 81(c), captioned "Removed Actions," "These rules apply to a civil action *after* it is removed from a state court." Id. (emphasis added).

The facts are brief and straight forward. Defendant attests by affidavit that he resides in Edwards, Colorado and that his address is a post office box in Edwards. (Docket Entry

# 9).  He received notice of the action by mail "*sent to my
father* at 1110 S. Peakview Dr., Castle Rock, Colorado . . . on
or about August 25, 2015." (Docket Entry # 9) (emphasis added).
As previously noted, plaintiff's counsel avers in the affidavit
of service that he served defendant by "certified mail with a
return receipt, at" the Castle Rock address.  (Docket Entry #
14, p. 2).  Plaintiff's counsel also avers that he "received a
signed receipt, which demonstrates a date of delivery of August
25, 2015" and "included the signed receipt with [the]
affidavit." (Docket Entry # 14, p. 2).  The state court record,
however, does not include the signed receipt or a return of
service.

## DISCUSSION

In Massachusetts, Mass.R.Civ.P. 4 ("Rule 4") governs
service of process.  Subpart 4(e) addresses service of process
with respect to an individual residing outside Massachusetts.
Mass.R.Civ.P. 4(e); see Mass. Gen. L. ch. 223A, § 6 ("chapter
223A").

Rule 4(e) sets out the acceptable methods of serving the
summons and complaint.  It permits service in the manner
prescribed in Rule 4(d), the manner prescribed under "the law of
the place in which the service is made," i.e., Colorado, and "by
any form of mail *addressed to the person to be served* and
requiring a signed receipt."  Mass.R.Civ.P. 4(e) (emphasis

added).  As the party with the burden of proof to establish

service, plaintiff relies on Rule 4(e)(3).[3]  (Docket Entry # 13).

The plain and unambiguous language of Rule 4(e)(3) and

section 6(a)(3) of chapter 223A require that the certified mail

used by plaintiff be "addressed to the person to be served."

Mass.R.Civ.P. 4(e)(3); Mass. Gen. L. ch. 223A, § 6(a)(3).

Defendant attests that the mailing was sent to his father.

(Docket Entry # 9).  The facts unambiguously establish that

plaintiff served defendant by mail sent to his father at his

father's Castle Rock address.  Sending the summons and complaint

by mail to defendant's father at the father's address does not

---

[3]  Plaintiff therefore waived any reliance on other modes set out
in Rule 4(e) as effectuating legally sufficient service of
process.  See O'Connell v. Marrero-Recio, 724 F.3d 117, 124 (1st
Cir. 2013) (district court "had no reason to factor into its
analysis of O'Connell's retaliation claim the allegations
concerning her participation in the NPP's primary elections"
because O'Connell's brief did not premise the claim on this
allegation); United States v. Caparotta, 676 F.3d 213, 218 (1st
Cir. 2012) ("argument consist[ing] of just two sentences and two
cursory citations in his brief . . . is therefore waived");
Coons v. Industrial Knife Co., Inc., 620 F.3d 38, 44 (1st Cir.
2010); Guillemard-Ginorio v. Contreras-Gomez, 490 F.3d 31, 37
(1st Cir. 2007) (noting that defendants' "qualified immunity
section of their summary judgment motion never even mentioned
the words 'First Amendment,' 'political discrimination,' or
'retaliation'"); see also Paterson-Leitch Co., Inc. v.
Massachusetts Municipal Wholesale Electric Company, 840 F.2d
985, 990 (1st Cir. 1988) (party has obligation to "put its best
foot forward before the magistrate:  to spell out its arguments
squarely and distinctly").  Failing to make an argument,
plaintiff also waived any argument based on consent or a waiver
of service.

comply with the plain language of either Rule 4(e)(3) or section 6(a)(3) of chapter 223A.  Mass.R.Civ.P. 4(e)(3); Mass. Gen. L. ch. 223A, § 6(a)(3).  Plaintiff, as the party with the burden to prove service, does not refute defendant's affidavit by showing that the certified mail was addressed to defendant. Irrespective of the failure to make proof of service, the mode of service sent to a non-party by mail at the non-party's address does not comply with either Rule 4(e) or chapter 223A, section 6(a)(3).[4]

Indeed, plaintiff makes no argument that service at defendant's father's address complied with Rule 4(e)(3). Rather, he argues that, regardless of whether service was proper or improper, the time period had not passed to accomplish service.

In Massachusetts, Rule 4(j) requires service of the summons and complaint within 90 days of the date the plaintiff filed the complaint.  Mass.R.Civ.P. 4(j).  If the plaintiff "cannot show good cause why such service was not made within" the 90 day

---

[4]  In Massachusetts, Rule 4(f) provides that, "When service is made by mail, proof of service shall include a receipt signed by the addressee or such other evidence of personal delivery to the addressee as may be satisfactory to the court.  Failure to make proof of service does not affect the validity of the service." Mass.R.Civ.P. 4(f); Mass. Gen. L. ch. 223A, § 6(b).  Here, the actual mode of service, certified mail under Rule 4(e)(3), was not addressed to the person to be served and therefore not legally sufficient service of process.

"period, the action shall be dismissed as to that defendant without prejudice."  Mass.R.Civ.P. 4(j).  "Good cause is 'a stringent standard requiring diligent' albeit unsuccessful effort to complete service within the period prescribed by the rule."  Kennedy v. Beth Israel Deaconess Medical Center, Inc., 898 N.E.2d 529, 534 (Mass.App.Ct. 2009) (quoting Comm'r of Revenue v. Carrigan, 698 N.E.2d 23, 26 (Mass.App.Ct. 1998)) (internal brackets omitted).  With respect to good cause, the focus of the inquiry "'is the reasonableness and diligence of counsel's effort to effect service within the time required.'" Comm'r of Revenue v. Carrigan, 698 N.E.2d at 26 (quoting Shuman v. The Stanley Works, 571 N.E.2d 633, 635 (Mass.App.Ct. 1991)) (internal brackets omitted).  The underlying policy of the rule "is 'to encourage prompt movement of civil actions in the courts.'"  Shuman v. The Stanley Works, 571 N.E.2d at 635 n.3 (internal brackets omitted).

The failure to request an extension of time "is some evidence of lack of diligence."  Shuman v. The Stanley Works, 571 N.E.2d at 635.  Plaintiff's counsel did not file an extension of the 90 day time period to accomplish service.  At best, he emailed the Clerk on November 9, 2015 requesting, unsuccessfully, a summons.  Even motions seeking an extension of time must provide reasons or causes that are "good."  See Kennedy v. Beth Israel Deaconess Medical Center, Inc., 898

N.E.2d at 532, 534 n.7 (request for extension stating an inability "'to complete service within the time frame allowed" and that enlarging time will not prejudice parties is not good cause).[5]  Thus, with knowledge that service might not comply with Rule 4(e)(3), plaintiff's counsel made little effort to attempt to reserve defendant, such as by delivering a summons and the complaint to defendant personally, see Mass.R.Civ.P. 4(e)(1); Mass.R.Civ.P. 4(d)(1), or leaving copies at defendant's workplace.  See Mass.R.Civ.P. 4(e)(2) (allowing service in manner prescribe by the law of the place in which the person is served); C.R.C.P. 4(e) (allowing service by delivering summons and complaint to the defendant personally or by leaving copies at his workplace or usual place of abode).[6]

---

[5] Here, assuming for purposes of argument that prejudice is a factor, cf. Shuman v. The Stanley Works, 571 N.E.2d at 635 n.3 ("'prejudice to the defendant would not appear to be a relevant consideration'"), there is no prejudice because the statute of limitations is not a bar to refiling the complaint and properly serving defendant.  In addition, the underlying facts are recent and therefore fresh within the meaning of any prospective witness.

[6] Colorado allows service on an individual by the following modes:

> (1) Upon a natural person whose age is eighteen years or older by delivering a copy thereof to the person, or by leaving a copy thereof at the person's usual place of abode, with any person whose age is eighteen years or older and who is a member of the person's family, or at the person's usual workplace, with the person's supervisor, secretary, administrative assistant, bookkeeper, human resources representative or managing agent; or by

Plaintiff's argument that the time period had not passed does not excuse his failure to act with diligence to complete service within the 90 day time period.  See, e.g., Comm'r of Revenue v. Carrigan, 698 N.E.2d at 25-28.   The Massachusetts Appeals Court in Carrigan reversed the trial court's denial of a motion to dismiss for failure to comply with Rule 4(j).  Id. at 28.   The facts in Carrigan, similar to the case at bar, involved a defendant who filed a motion to dismiss approximately 30 days into the 90 day time period in Rule 4(j).  Id. at 27.   The plaintiff therefore "knew that the service he attempted . . . was in jeopardy and that the defendant claimed not to have been served" at his Florida address.  Id. at 25, 27.   In rejecting the plaintiff's efforts to serve the defendant as showing good cause, the court explained that:

> the Commissioner, long aware of the shortcomings of the certified mail mode of service and Carrigan's peripatetic ways, inexplicably waited until the last minute to attempt alternative service, sought no extension, and failed to monitor the process server.
>
> Whether or not Carrigan was prejudiced by the Commissioner's tardiness is not a relevant consideration, and thus does not enter into our analysis.  See Shuman, supra at 954 n. 3, 571 N.E.2d 633.  Nor is it dispositive that Carrigan may have had actual notice of the Commissioner's claim against him.  See Davis-Wilson v. Hilton Hotels Corp., 106 F.R.D. at 508. In these circumstances, counsel's inadvertence and lack of diligence

---

delivering a copy to a person authorized by appointment or by law to receive service of process.

C.R.C.P. 4(e).

in effecting service of process account for the plaintiff's
noncompliance with rule 4(j).  The Commissioner failed to
show "good cause" for such noncompliance and the
defendant's motion to dismiss the complaint without
prejudice under rule 4(j) should have been allowed.

Id. at 28.  Here too, given the similar facts, there is no good
cause.

A dismissal without prejudice for failure to properly serve
defendant with process is therefore warranted.  Not having
properly served defendant with process, it is neither necessary
nor advisable to address the plausibility of the complaint under
Rule 12(b)(6) or the dissolution of the memorandum of lis
pendens.  As to the latter, it is worth noting that, "Once the
underlying litigation is terminated, whether by a judgment on
the merits, dismissal, or other final disposition, a certificate
of the disposition may be recorded in the registry of deeds in
which the lis pendens was filed."  Debral Realty, Inc. v.
DiChiara, 420 N.E.2d 343, 346 (Mass. 1981) (citing Mass. Gen. L.
ch. 184, § 16).

CONCLUSION

In accordance with the foregoing discussion, this court
**RECOMMENDS**[7] that the special motion to dismiss (Docket Entry # 6)

---

[7]  Any objections to this Report and Recommendation must be filed
with the Clerk of Court within 14 days of receipt of the Report
and Recommendation to which objection is made and the basis for
such objection should be included.  See Fed.R.Civ.P. 72(b).  Any
party may respond to another party's objections within 14 days

be **ALLOWED** to the extent that the action be dismissed without

prejudice under Rule 12(b)(5).

                                         /s/ Marianne B. Bowler
                                       **MARIANNE B. BOWLER**
                                       United States Magistrate Judge

---

after service of the objections.  Failure to file objections
within the specified time waives the right to appeal the order.