UNITED STATES DISTRICT COURT
                 DISTRICT OF MASSACHUSETTS

REEM PROPERTY, LLC,
    Plaintiff,


         v.                             CIVIL ACTION NO.
                                         15-40127-PBS

ROBERT T. ENGLEBY,
    Defendant.


              **REPORT AND RECOMMENDATION RE:**
        **RECONSIDERATION OF DEFENDANT'S SPECIAL MOTION**
                 **TO DISMISS THE COMPLAINT**
                     **(DOCKET ENTRY # 6)**

                       **March 15, 2016**


**BOWLER, U.S.M.J.**

    This real estate dispute arises out of defendant Robert T. Engleby's ("defendant") refusal to convey a piece of property when plaintiff Reem Property, LLC ("plaintiff") tendered the purchase price three days late.  On December 15, 2015, this court issued a Report and Recommendation on a special motion to dismiss filed by defendant.  (Docket Entry # 16).  The motion sought to dismiss a verified complaint filed by plaintiff in Massachusetts Superior Court Department (Middlesex County) ("Middlesex Superior Court") under Fed.R.Civ.P. 12(b)(5) ("Rule 12(b)(5)") for lack of service of process, Fed.R.Civ.P. 12(b)(6) ("Rule 12 (b)(6)") for failure to state a claim for relief and Massachusetts General Laws chapter 184, section 15(c) ("section 15(c)") on the basis that the complaint was frivolous.  (Docket Entry # 6).  The

opinion addressed only the Rule 12(b)(5) motion to dismiss for lack of service and recommended allowing the motion because plaintiff did not timely serve defendant with process under Mass.R.Civ.P. 4(e)(3) ("Mass Rule 4(e)") and failed to show good cause for the failure to effectuate such service in a timely manner within 90 days of filing the complaint under Mass.R.Civ.P. 4(j) ("Mass Rule 4(j)").

Plaintiff filed a timely objection to the Report and Recommendation with the district judge and included additional evidence not presented to this court, namely, an affidavit of service indicating that plaintiff attempted to serve defendant in Colorado on November 11, 2015.  (Docket Entry # 17).  Plaintiff also pointed out that he contacted the Docket Clerk of the district judge by email on November 9, 2015 requesting issuance of a summons and received incorrect information from the Courtroom Deputy of this court.  (Docket Entry # 17).

On February 4, 2016, the district judge remanded the case to this court to reconsider the recommendation on the issue raised in the objection.  Accordingly, the issue of proper and timely service regarding the November 11, 2015 attempted service as well as the existence of good cause due to the failure to issue a summons, despite plaintiff's request, and the incorrect information are ripe for review.

## PROCEDURAL BACKGROUND

Familiarity with the record, which is set out in the Report and Recommendation, is presumed. For present purposes, this court highlights the following procedural facts.

On August 18, 2015, plaintiff filed the verified complaint and a motion for a memorandum of lis pendens in Middlesex Superior Court under Massachusetts General Laws chapter 184, section 15(b) ("section 15"). (Docket Entry # 1). The complaint did not include a certification that "no material facts have been omitted" from the complaint. See Mass. Gen. L. ch. 184, § 15(b) (requiring certification that "no material facts have been omitted" from complaint). On the same day, the court allowed the ex parte motion for a memorandum of lis pendens.

On September 2, 2015, plaintiff filed an affidavit stating that plaintiff's attorney had made service on defendant "pursuant to Mass.R.Civ.P. 4(e)(3), via certified mail with a return receipt, at 1110 South Peak Drive, Castle Rock, CO 80109" on August 25, 2015. (Docket Entry # 14, p. 2). On September 4, 2015, defendant filed a notice removing this action from Middlesex Superior Court to the United States District Court for the District of Massachusetts on the basis of diversity jurisdiction. (Docket Entry # 14, p. 19). In the notice, defendant reserved and did not waive any defense. (Docket Entry # 14, p. 22).

On September 11, 2015, defendant filed the special motion to

3

dismiss the complaint.  (Docket Entry # 6).  On the same day, defendant filed the motion to dissolve the memorandum of lis pendens under section 15(c).  (Docket Entry # 7).  On October 7, 2015, this court held a hearing and took both motions (Docket Entry ## 6, 7) under advisement.

On December 15, 2015, this court issued the Report and Recommendation.  Applying Massachusetts law because the service on August 25, 2015 took place prior to the removal, this court concluded that the service did not comply with Mass Rule 4(e)(3) and plaintiff failed to show good cause.  As noted in the opinion, "the procedural requirement of service of summons must be satisfied" in order to "exercise personal jurisdiction over a defendant."  Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co., Ltd., 484 U.S. 97, 104 (1987); see Vázquez-Robles v. CommoLoCo, Inc., 757 F.3d 1, 4 (1st Cir. 2014) ("jurisdiction normally depends on legally sufficient service of process") (citing Omni Capital, 484 U.S. at 104).  (Docket Entry # 16).  Accordingly, this court deemed it "not advisable to address the plausibility of the complaint under Rule 12(b)(6) or" the motion to dissolve the memorandum of lis pendens.  (Docket Entry # 16, p. 13).

On December 27, 2015, plaintiff filed the objection to the Report and Recommendation.  Therein, he attached an affidavit of service by a process server.  The Process Server averred that on November 11, 2015, she served the summons and complaint along

with various filings on defendant at "his address" of 340 Cresta Road in Edwards, Colorado. (Docket Entry # 17-1). The Process Server's affidavit does not state whether the Cresta Road address is defendant's home, residence, place of abode or workplace. Defendant's affidavit, filed previously, states that he "reside[s] in Edwards, Colorado and my address is P.O. Box 4730" in Edwards. (Docket Entry # 9). The Process Server's affidavit additionally states that she served the documents on defendant "by taping [them] to his front door and also by mailing the documents to him on November 11, 2015 via USPS to" the above post office box. (Docket Entry # 17-1).

In the objection to the Report and Recommendation, plaintiff also attached an email chain. It evidences that plaintiff's counsel emailed the Docket Clerk of the district judge on November 9, 2015 and asked "to add a summons to [the case]" because he "need[ed] to make service again" in light of defendant's assertion that he was served at the wrong address. (Docket Entry # 17-2). In a reply email on November 10, 2015, the Docket Clerk advised counsel that she was forwarding the email to the Courtroom Deputy of this court. Two days later and not having received a reply, plaintiff's counsel emailed the Courtroom Deputy inquiring if there was "[a]ny word on when I can get a summons issued so I can make service again? I think time is running out." (Docket Entry # 17-2). In a reply email the

same day, the Courtroom Deputy did not provide a summons and, instead, advised plaintiff's counsel of his belief that issuance of a summons would be dealt with in the opinion. The Report and Recommendation did not address issuance of a summons and, as noted, recommended the dismissal without prejudice of the complaint for lack of service.

## DISCUSSION

"[A] judgment rendered in the absence of personal jurisdiction is a nullity" and "[t]he existence of such jurisdiction normally depends on legally sufficient service of process." Vázquez-Robles v. CommoLoCo, Inc., 757 F.3d at 4; accord Quincy V, LLC v. Herman, 652 F.3d 116, 121 (1st Cir. 2011) ("court's authority over [a defendant's] person . . . requires both personal jurisdiction and service of process"). In adjudicating a Rule 12(b)(5) motion to dismiss for insufficiency of service, a court may "look beyond the pleadings and may consider affidavits and other documents to determine whether process was properly served." Cutler Associates, Inc. v. Palace Constr., LLC, 2015 WL 5569987, at *1 (D.Mass. Sept. 22, 2015); Morse v. Massachusetts Executive Office of Public Safety, 2013 WL 1397736, at *1 (D.Mass. April 4, 2013).

Where, as here, "a defendant seasonably challenges the adequacy of service, the plaintiff has the burden of showing that service was proper." Vázquez-Robles v. CommoLoCo, Inc., 757 F.3d

at 4.  "A return of service," however, "generally serves as *prima facie* evidence that service was validly performed."  Blair v. City of Worcester, 522 F.3d 105, 111 (1st Cir. 2008).

In light of the September 2015 removal, federal law governs the validity of the November 11, 2015 service.  See 28 U.S.C. § 1448;[1] Fed.R.Civ.P. 81; Feliz v. MacNeill, 2012 WL 3590807, at *3 (1st Cir. Aug. 22, 2012) (unpublished) (Massachusetts service rules applied when case was pending in Massachusetts state court and "federal rules governing service of process applied after" removal).  Plaintiff therefore had 120 days, i.e., until December 16, 2015, to accomplish service.  See Fed.R.Civ.P. 4(m); see also Feliz v. MacNeill, 2012 WL 3590807, at *3 ("removal does not restart the clock for timely service or keep the district court from considering a plaintiff's previous delays").  To state the obvious, the November 11, 2015 service falls prior to this deadline.[2]

Turning to the applicable federal service rules,

---

[1]  This statute states that:

   In all cases removed from any State court to any district
   court of the United States in which any one or more of the
   defendants has not been served with process or in which the
   service has not been perfected prior to removal, or in which
   process served proves to be defective, such process or
   service may be completed or new process issued in the same
   manner as in cases originally filed in such district court.

28 U.S.C. § 1448.

[2]  It also falls prior to the 90 day deadline under Mass. Rule 4(j).

7

Fed.R.Civ.P. 4(e)(2) ("Rule 4(e)") authorizes service on an individual by "delivering a copy of the summons and of the complaint to the individual personally," Fed.R.Civ.P. 4(e)(2)(A), or by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there," Fed.R.Civ.P. 4(e)(2)(B). Rule 4(e)(2)(B) does not apply because the Process Server did not leave the copies with an individual, let alone an individual who resides at 340 Cresta Road.[3] Rule 4(e)(2)(A) does not apply because taping the summons and complaint to the door is not service on defendant personally where, as here, there is no indication that defendant was actively evading service. See World Entm't Inc. v. Brown, 2012 WL 3065349, at *2 (3rd Cir. July 30, 2012) (unpublished) ("[l]eaving papers in the defendant's physical proximity," such as at his door, "is usually sufficient if (1) defendant actively evades service, and (2) . . . defendant actually received the papers"); Project X Enterprise, Inc. v. Karam, 2014 WL 3385101, at *2 (E.D.Mich. July 10, 2014) (service sufficient if "process server leaves the summons and complaint 'within the defendant's immediate proximity and further compliance with Rule 4(e)(2) is only prevented by the defendant's knowing and intentional actions

---

[3] In the alternative, although defendant attests that he resides in Edwards, Colorado, there is no averment or affidavit that his dwelling or place of abode is at 340 Cresta Road in Edwards. The return of service simply depicts the location as defendant's "address." (Docket Entry # 17-1).

to evade service'"); Slaieh v. Zeineh, 539 F.Supp.2d 864, 869 (S.D.Miss. 2008) (collecting cases); 4A Charles Alan Wright et al. Federal Practice and Procedure § 1095 (4th ed. 2015) (if "defendant attempts to evade service or refuses to accept delivery after being informed by the process server of the nature of the papers, it" is usually sufficient "to leave [summons and complaint] in the defendant's physical proximity"). Thus, leaving the summons and complaint taped to the door of 340 Cresta Road, without more, does not constitute serving defendant personally under Rule 4(e)(2)(A). See Rivera v. Medico Group (Medico Ins. Co.), 2007 WL 2819524, at *2 (D.Neb. Sept. 19, 2007) ("Federal Rule of Civil Procedure 4 does not deem leaving the complaint and summons on the door of a residence as proper service"); see generally Slaieh v. Zeineh, 539 F.Supp.2d at 868 n.3 ("agree[ing] that leaving the summons and complaint on the doorstep, or the driveway, without more, would not constitute proper and effective service") (applying Mississippi law). Moreover, although a return of service constitutes prima facie evidence of service, the return at issue here does not overcome the forgoing deficiencies because there is no indication that defendant was evading service or that the Process Server left the documents within defendant's physical proximity. There is also insufficient evidence that the Cresta Road address is the location of defendant's dwelling.

9

Under Rule 4(e)(1), service on an individual is sufficient if it complies with the service rules of the state where the district court sits (Massachusetts) or where service was made (Colorado).  Fed.R.Civ.P. 4(e)(1); <u>Zond, LLC v. Fujitsu Semiconductor Ltd.</u>, 53 F.Supp.3d 394, 396 (D.Mass. 2014).  "The Massachusetts rules for service are substantially similar to the federal rules."  <u>Martins v. Cook</u>, 2015 WL 224670, at *5 (D.Mass. Jan. 15, 2015), <u>aff'd</u>, No. 15-1144, (1st Cir. Aug. 26, 2015). Massachusetts rules allow service to an out of state individual "by delivering a copy of the summons and of the complaint to [the defendant] personally; or by leaving copies thereof at his last and usual place of abode . . .."  Mass.R.Civ.P. 4(d)(1); <u>see</u> Mass. Gen. L. ch. 223A, § 6.  As to the former means, the Process Server did not serve defendant "personally" by taping the documents on the front door of 340 Cresta Road for reasons stated above.  Moreover, there is insufficient evidence that defendant resided at the Cresta Road address.  As to the latter means, under "Massachusetts law, '[t]he cases make clear that it is not enough to leave a summons at a house that defendant owns or occupies from time to time.  The house must be his usual and normal residence.'"  <u>United States v. Tobins</u>, 483 F.Supp.2d 68, 75 (D.Mass. 2007); <u>see</u> <u>Christian Book Distributors v. Wallace</u>, 760 N.E.2d 735, 737 (Mass.App.Ct. 2001) (out of state service left at defendant's "home" or "residence" satisfied Mass Rule

(d)(1)). Furthermore, "in order to be considered the defendant's 'last and usual place of abode' under Massachusetts law, there must be evidence that the defendant was continuing to use the address as his home." United States v. Tobins, 483 F.Supp.2d at 76. Here, the affidavit of the Process Server depicts 340 Cresta Road as defendant's "address." (Docket Entry # 17-1). It does not state that it is his usual place of abode or even his residence. Defendant, in turn, avers that he resides "in Edwards" with an "address" of the aforementioned post office box. As such, the evidence is not sufficient to establish proper service of defendant at "his last and usual place of abode" under Mass Rule 4(d)(1).

Massachusetts law also allows service of an individual outside the Commonwealth "by any form of mail addressed to the person to be served and requiring a signed receipt." Mass.R.Civ.P. 4(e); see Mass. Gen. L. ch. 223A, § 6. The Process Server avers that she mailed the documents "via USPS" to the post office box. The language of the statutes requires using a form of mail "requiring a signed receipt." Mass.R.Civ.P. 4(e); Mass. Gen. L. ch. 223A, § 6(a)(3). Here, there is insufficient evidence that the Process Server mailed the documents to the post office box by certified mail or other form of mail that requires a signed receipt. In addition, the circumstances do not warrant overlooking the requirement.

Failing to accomplish service under Massachusetts law, this court turns to Colorado law.  Under Colorado law, the summons and complaint must be delivered:

> to the person, or by leaving a copy thereof at the person's usual place of abode with any person whose age is eighteen years or older and who is a member of the person's family, or at the person's usual workplace, with the person's supervisor . . .; or by delivering a copy to a person authorized by appointment or by law to receive service of process.

Colo.R.Civ.P. 4(e)(1); Watts v. Koskinen, 2014 WL 6617187, at *5 (D.Colo. Nov. 21, 2014).  Here again, there is no evidence that the Process Server left the documents with an individual 18 years or older.  There is also insufficient evidence that 340 Cresta Road is defendant's "usual workplace."  Colo.R.Civ.P. 4(e)(1).  In sum, although this court does not foreclose plaintiff's ability to provide adequate proof of service, plaintiff fails to provide such evidence at this point in time.

Rule 4(m) requires the court to extend the time to accomplish service if the plaintiff shows good cause.  Fed.R.Civ.P. 4(m) (if plaintiff shows good cause, "court *must* extend the time for service") (emphasis added); Advisory Committee Notes, 1993 Amendment (subdivision 4(m) "explicitly provides that the court *shall* allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days") (emphasis added).  As explained in Patino, the analysis examines the following:

> Good cause is likely (but not always) to be found when the plaintiff's failure to complete service in a timely fashion is a result of a third person, typically the process server, the defendant has evaded service of the process or engaged in misleading conduct, the plaintiff has acted diligently in trying to effect service or there are understandable mitigating circumstances, or the plaintiff is proceeding pro se or in forma pauperis.

Patino v. City of Revere, 2014 WL 202760, at *5 (D.Mass. Jan. 16, 2014) (brackets omitted).  Overall, the purpose of Rule 4(m) and its predecessor Rule 4(j) is "to compel parties and their counsel to be diligent in prosecuting causes of action."  United States v. Ayer, 857 F.2d 881, 884 (1st Cir. 1988).  Plaintiff bears the burden to establish good cause for the failure to effectuate timely service.  Feliz v. United States, 272 F.R.D. 299, 301 (D.Mass. 2011), aff'd sub nom., Feliz v. MacNeill, Nos. 10-1549, 11-1308, 2012 WL 3590807 (1st Cir. Aug. 22, 2012) (unpublished); Saez Rivera v. Nissan Mfg. Co., 788 F.2d 819, 821 (1st Cir. 1986) (per curiam).

In the case at bar, plaintiff attempted service not once, but twice, before the 90 and 120 day time periods expired.  He also received incorrect information from the Deputy Clerk and, after asking twice, did not receive a summons or accurate information.  Having acted diligently and in light of understandable mitigating circumstances, namely, the receipt of incorrect information from the Deputy Clerk, plaintiff meets the good cause standard.  See generally Benjamin v. Grosnick, 999 F.2d 590, 592 (1st Cir. 1993) (finding good cause because

13

plaintiffs relied on deputy sheriff for service and "completed all of the steps within their power necessary to effectuate such service"). Plaintiff's failure to comply with Local Rule 4.1 by filing a motion to extend the time period under Fed.R.Civ.P. 6(b), see L.R. 4.1 (requiring party who seeks to show good cause to file motion to enlarge time), is excused given the incorrect information provided by the Deputy Clerk and plaintiff's diligent conduct. See L.R. 1.3 ("failure to comply with the obligations "in these Local Rules may result in dismissal, default, or the imposition of other sanctions *as deemed appropriate by the judicial officer*") (emphasis added); United States v. Ayer, 857 F.2d at 884 (Rule 4(m)'s purpose is to facilitate diligent litigation).

Even if plaintiff fails to show good cause, the court has the discretion to extend the time period and "order that service be made within a specified time." Fed.R.Civ.P. 4(m); see Advisory Committee Notes, 1993 Amendment (subdivision 4(m) "authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision even if there is no good cause shown"); Crispin-Taveras v. Municipality of Carolina, 647 F.3d 1, 7 (1st Cir. 2011). Plaintiff did not simply rely on the initial service after defendant challenged it. Instead, it contacted the Docket Clerk and the Deputy Clerk in an effort to effectuate service. Plaintiff also attempted to re-serve

defendant in Colorado on November 11, 2015.  Although the statute of limitations would not bar refiling this action, there is no indication that defendant experienced prejudice as a result of the delayed service.  See Advisory Committee Notes, 1993 Amendment (relief justified under Rule 4(m) if "statute of limitations would bar the refiled action"); Aly v. Mohegan Council-Boy Scouts of America, 2009 WL 3299951, at *3 (D.Mass. April 20, 2009) ("defendant has not pointed to any prejudice it would suffer if" court allowed a discretionary extension of the time for service).  Accordingly, an extension of time is also appropriate even in the absence of good cause.

## CONCLUSION

In accordance with the forgoing discussion, this court **RECOMMENDS**[4] that, on reconsideration, plaintiff be afforded up to and including April 18, 2016 to properly serve defendant with process.  This court further **RECOMMENDS**[5] that, on or after April 19, 2016, the special motion to dismiss (Docket Entry # 6) be **ALLOWED** *if* plaintiff fails to accomplish such service by that

---

[4] Any objections to this Report and Recommendation must be filed with the Clerk of Court within 14 days of receipt of the Report and Recommendation to which objection is made and the basis for such objection should be included.  See Fed.R.Civ.P. 72(b).  Any party may respond to another party's objections within 14 days after service of the objections.  Failure to file objections within the specified time waives the right to appeal the order.

[5] See the prior footnote.

date, unless it seeks and obtains an additional extension of time; and otherwise **DENIED** if plaintiff fails to accomplish such service by that date.

                                                 /s/ Marianne B. Bowler
                                                **MARIANNE B. BOWLER**
                                                United States Magistrate Judge