UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

CIVIL ACTION NO: 1:15-cv-40127-PBS

| | |
|---|---|
| REEM PROPERTY, LLC | ) |
|         Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROBERT T. ENGLEBY | ) |
|         Defendant | ) |
| _____ | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO DISMISS AND MOTION FOR DISSOLUTION OF LIS PENDENS**

The Plaintiff asserts that this motion has already been decided by the Court, despite the comments in the prior recommendations. On March 15, 2016, the Court stated that the Defendants' Motion to Dismiss would be allowed if the Plaintiff failed to complete service by April 18, 2016, and was "otherwise denied. . . ." In any case, the Plaintiff responds to the motions as follows:

**A. Motion to Dismiss**

The Defendant seeks to dismiss the instant case for failure to state a claim upon which relief may be granted. This Court should deny the Defendant's motion. In support thereof the Plaintiff states as follows:

    1. **The Plaintiff's Complaint Should Not Be Dismissed For Failure to State a Claim**

The Defendants also assert the Plaintiff's complaint should be dismissed for failure to state a claim. The Defendant motion does not go through the elements of the counts alleged by

the Plaintiff, but seemingly simply argues that the Plaintiff's claims have no basis as he did not adhere to the purported agreement.

To state a claim, a complaint must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 546 (2007).  The complaint "needs only enough detail to provide a defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests.'" Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  The Court cannot disregard factual allegations "even if it strikes a savvy judge that actual proof of those facts is improbable." Twombly, 550 U.S. at 556. A motion to dismiss must focus not on whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support the claims. Mitchell v. Mass. Department of Correction, 190 F. Supp. 2d 204, 208 (D. Mass. 2002).

In this case, the Defendant suggests that the Plaintiff's claims are without merit because there was a time is of the essence clause and the purchase price was not tendered exactly on time. The Plaintiff, however, will assert that the requirement to receive the purchase price by August 10, 2015 was waived by the Defendant.  The Plaintiff has alleged that he was engaged in wiring the funds to the Defendant from August 7, 2015 to August 13, 2015.  The Plaintiff has further alleged that the Defendant never provided a notice of default until *after* the full purchase price was received by the Defendant's counsel.

Given the facts, waiver may be established by the Plaintiff in this instance.  The conduct of the Defendant and/or his attorney may certainly establish a waiver of the August 10, 2015 deadline for payment.  See McCarthy v. Tobin, 429 Mass. 84, 89 (1999); see also, Church of God in Christ, Inc. v. Congregation Kehillath Jacob, 370 Mass. 828, 832-833 (1976). Accordingly, a motion to dismiss is not appropriate in this instance.

As mentioned above, the Defendants do not even discuss the Plaintiff's various claims or their required elements, such as the Plaintiff's claims for conversion.  A person "who intentionally or wrongfully exercises acts of ownership, control, or dominion over personal property to which he has no right of possession at the time" is liable for conversion.  <u>Abington Nat'l Bank v. Ashwood Homes, Inc.</u>, 19 Mass. App. Ct. 503, 507 (1985) (quoting J.R. Nolan, Tort Law § 35 (1979)).  In this case, the Defendant held the full purchase price for the property for a full week, despite sending a termination letter to the Plaintiff.  This certainly may state a claim for conversion.  Despite the Defendant noting that they will give it back, the period may be found to be an unreasonable retention of said funds.

**B.  Motion to Dismiss Lis Pendens**

The purpose of a lis pendens, is to "ensure that prospective buyers have the benefit of recorded notice of certain lawsuits."  <u>Wolfe v. Gormally</u>, 440 Mass. 699, 702 (2004).  One may seek a lis pendens in a case affecting the title to real property. Id. at 703. In this case, the Plaintiff incorporates his arguments above herein.  The Plaintiff's claims are not without merit as the Defendant suggests.  Furthermore, this case as it concerns the purchase of a piece of property, this matter certainly has to do with the title of the same and a lis pendens is appropriate.

          Respectfully submitted,
          Plaintiff by its attorney,

          /s/ David B. Summer
          David Summer, Esq. (BBO 634514)
          davidsummeresq@gmail.com
          100 State Street, Suite 900
          Boston, MA 02109
          (617) 695-0050

Dated:  5/5/16

**CERTIFICATE OF SERVICE**

I, David Summer, hereby certify that on May 5, 2016, I electronically filed the within Motion to Amend Complaint and that notice was sent to all parties via this Court's CM/ECF filing system.

/s/ David Summer