UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | | |
|---|---|---|
| REEM PROPERTY, LLC )<br>Plaintiff )<br> )<br>v. )<br> )<br>ROBERT T. ENGLEBY )<br>Defendant )<br> ) | | Civil Action No. 1:15-cv-40127-PBS |

**MOTION FOR EXPEDITED DECISION**

Now comes Defendant, Robert T. Engleby ("Engleby"), by and through his counsel, and respectfully moves this Honorable Court for an order expediting decision of his pending Motion to Dismiss for Failure to State a Claim and Motion for Dissolution of Lis Pendens. Specifically, Engleby requests that the motions be decided on an expedited basis. Good cause exists for expedited treatment because the real property which is the subject matter of this action has been subject to a *Lis Pendens* issued *ex parte* on August 18, 2015 by the Middlesex County Superior Court, and Plaintiff's flawed service held up any action on this matter until April 1, 2016 when Engleby waived service. *See Doc. 23*.

On information and belief, a decision on this matter in the ordinary course cannot be expected until early autumn. Given that the *Lis Pendens* was issued *ex parte*, Engleby would normally be entitled to a prompt preliminary injunction hearing. While Plaintiff will not be prejudiced by an expedited decision, Engleby's ability to market his property is stymied by the *Lis Pendens*.

1

## Background

The factual background of this matter is more completely set forth in Engleby's Memorandum of Law in Support of Motion for Dissolution of Lis Pendens. *See Doc. 26*. Briefly, Reem Property, LLC ("Reem") contracted with Engleby to purchase the property at 6-8 Morgan Place, Newton, Massachusetts for $275,000.00. Complaint, ¶ 5. The Memorandum of Sale explicitly stated in bold capitals that "**TIME IS OF THE ESSENCE IN THIS AGREEMENT AS TO BUYERS OBLIGATIONS HEREUNDER**." Complaint, Exhibit A, ¶ 5. Reem failed to make timely payment and Engleby returned the late-received funds. *See Doc. 26, p. 2*.

Reem brought suit on August 18, 2015, in the Middlesex County Superior Court. Although Reem's Complaint failed to contain the statement that no material facts had been omitted therefrom, as required by Mass. G.L. c. 184, § 15(b), an *ex parte* motion for issuance of a *lis pendens* was nevertheless granted by the Court on August 18, 2015. Defendant thereafter removed the action to this Court on September 4, 2015. *See Doc. 1*. The subsequent history of this matter may be gleaned from the docket.

## Argument

This Court has broad discretion to expedite a case schedule. "Every court is vested with the inherent power to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel and for litigants." *New Balance Ath. Shoe, Inc. v. Converse, Inc.*, 86 F. Supp. 3d 35, 36 (D. Mass. 2015); *quoting Landis v. N. Am. Co.*, 299 U.S. 248, 254-55, 57 S. Ct. 163, 81 L. Ed. 153 (1936). This Court may therefore expedite or stay proceedings in its discretion through "the exercise of judgment, which must weigh competing interests and

maintain an even balance."  *Id.*; *see also In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817-18 (3d Cir. 1982)("[M]atters of docket control … are committed to the sound discretion of the district court.").  If Reem had received an *ex parte* temporary restraining order under Rule 65(b)(1), Engleby would have been entitled to a preliminary injunction hearing "at the earliest possible time, taking precedence over all other matters except hearings on older matters of the same character."  Fed. R. Civ. P. 65(b)(3).

Reem will not be prejudiced by an expedited decision, as its claims are manifestly groundless and serve only to delay and interfere with Engleby's rights to alienate his real property as he sees fit.

## Conclusion

For the foregoing reasons, Engleby respectfully requests that the Court decide its pending Motion to Dismiss for Failure to State a Claim and Motion for Dissolution of Lis Pendens on an expedited basis.

Dated:  June 13, 2016

    Respectfully submitted,
    Robert T. Engleby

    By his attorneys,

    */s/ Michael P. Robinson*
    Michael P. Robinson (BBO#649575)
    SHECHTMAN HALPERIN SAVAGE, LLP
    1080 Main Street
    Pawtucket, RI 02860
    401-272-1400
    401-272-1403 (fax)
    mrobinson@shslawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of June, 2016, that I have caused the within Motion for Expedited Decision to be filed with the Court via the ECF filing system. As such, this document will be electronically sent to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Michael P. Robinson*