UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | | |
|---|---|---|
| REEM PROPERTY, LLC<br>　　　　Plaintiff<br><br>　　　　v.<br><br>ROBERT T. ENGLEBY<br>　　　　Defendant | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 1:15-cv-40127-PBS |

**DEFENDANT'S OBJECTION TO REPORT AND
RECOMMENDATION OF MAGISTRATE**

Robert T. Engleby ("Engleby"), through his counsel, objects to the Magistrate's Judge's Report and Recommendation dated July 20, 2016 with respect to his Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) and Mass. G.L. c. 184, § 15, in that the Magistrate recommended that the Motion be granted as to Count I, for breach of contract, but that relief be denied as to the remaining Counts for breach of the covenant of good faith and fair dealing (Count II), unjust enrichment (Count III), conversion, (Count IV), and for violation of G.L. c. 93A (Count V) and that the motion for dissolution of the *lis pendens* filed by Plaintiff be denied. As grounds for this objection, Engleby states the following.

**Factual and Procedural Background**

The factual and procedural background of this matter has been stated previously by Engleby in his Memorandum of Law in support of his Special Motion to Dismiss and Motion for Dissolution of Memorandum of Lis Pendens (Doc. 26) and Engleby incorporates it here by

reference.  Briefly, Engleby agreed to sell certain real estate to Plaintiff, Reem Property, LLC ("Reem") for a sum certain to be paid by a date certain and explicitly provided that time was of the essence.

Reem was unable to make payment by the specified date and sought and obtained an extension of the time to pay to August 10, 2015, which extension was also subject to the provision that time was of the essence.  Reem failed to make payment on August 10, 2015.  When Defendant's counsel received payment three days later on August 13, 2015 he emailed Plaintiff's counsel informing him of Reem's default and advising him that payment would be promptly returned and requested instruction as to whether the payment should be returned by check or wire transfer.

Rather than responding to Engleby's counsel's solicitation for instructions for the return of the funds, on August 18, 2015, Reem filed its Complaint in the Middlesex County Superior Court and the Superior Court granted *ex parte* Reem's Motion for Issuance of a *Lis Pendens*.  On August 20, 2015, having received no instructions from Reem or its counsel, the funds received on August 13, 2015 were wire transferred to Reem's counsel's clients' account.

Engleby removed the Superior Court action to this Court on September 4, 2015.  Reem's difficulties in effecting valid service were resolved by Engleby's execution and filing of a waiver of service on April 1, 2016.  Thereafter, Engleby filed the motion which is the subject of this objection on April 22, 2016 (Doc. 25) and a subsequent motion for an expedited decision on June 13, 2016 (Doc. 30).  On July 20, 2016, Magistrate Judge Bowler issued the Report and Recommendation objected to herein.  (Doc. 32).

**Argument**

**1. Engleby's Motion to Dismiss Count I, for breach of contract, was properly granted.**

Magistrate Judge Bowler's erudite discussion of the interplay of a motion to dismiss under Fed. R. Civ. P. 12(b)(6) and a special motion to dismiss under Mass. G.L. c. 184, § 15(c) properly determined that Rule 12(b)(6) was not sufficiently broad to control the issues presented under § 15(c) and as a result properly considered matters that would have been outside of the scope of a motion under Rule 12(b)(6). Specifically, she considered the text of the extension agreement which explicitly provided that time remained "of the essence" and the email leading up to that extension, in which Engleby's counsel stated: "If we are to enter into an extension agreement, all terms of the Memorandum of Sale will remain in full force and effect … my client is only willing to extend for an additional 30 days if your client expressly agrees that if they do not tender the balance of the purchase price on or before the Closing date, for any reasons, my client is entitled to retain the $20k paid as a deposit, **without argument, challenge or demand that it be refunded.**" Doc. 24-3 and Doc. 32, page 12. (Emphasis added). In light of the fact that Reem failed to make payment on the date due, and had been lavishly advised that time was of the essence, Magistrate Bowler properly found that there had been no breach of contract.

**2. Engleby's Motion to Dismiss should have been granted as to Count II, for a breach of the implied covenant of good faith and fair dealing.**

Upon finding that Engleby had not breached his contract with Reem, the Magistrate should have concluded likewise that there had been no violation of the implied covenant of good faith and fair dealing. As the Magistrate noted: "'[T]he scope of the covenant is only as broad as the contract that governs the particular relationship.'" Doc. 32, p. 30, citations omitted. Paradoxically, however, the Magistrate went on to state that:

3

> Defendant does not address the manner of performance challenged by plaintiff, i.e., his conduct of discussing with potential buyers a purchase of the property for a higher price and avoiding the agreement in order to sell the property for a higher price. The facts reasonably infer that this conduct took place prior to the closing and the material breach by plaintiff that excused defendant's obligation to deliver this deed.

*Id*. As the Magistrate had previously noted in her discussion of breach of contract, "simply discussing a sale does not provide sufficient factual support for repudiation particularly where, as here, the July 9, 2015 email expressed defendant's readiness, willingness and ability to perform." *Id*., p. 24.

Thus, because Engleby fully complied with his contractual obligations under the Memorandum of Sale, as extended, there can be no breach of the duty of good faith and fair dealing. *See SMS Financial V, LLC v. Conti*, 68 Mass. App. 738, 743 (2007) ("The implied covenant of good faith and fair dealing concerns the manner in which contractual duties are performed; it does not create rights and duties not already present in the contractual relationship."). Plaintiff cannot later impose contract terms on Engleby that were not present in the Memorandum of Sale, as extended. *See id.* Neither the Memorandum of Sale nor its extension placed a gag order on Engleby discussing a potential sale to a third party should Reem default on its obligation to close by August 10, 2015, and such discussions cannot constitute a violation of the implied covenant of good faith and fair dealing. Moreover, Engleby did not declare a breach by Reem until Reem defaulted on its obligation to close by August 10, 2015. Accordingly, there are no facts to suggest that even if Engleby did communicate with third parties, that it had anything to do with the termination of the agreement, which was based solely on Reem's failure to timely perform.

The Magistrate Judge should, therefore, have recommended dismissal of Count II with prejudice for failure to state a cognizable claim against Engleby. In failing to dismiss Count II,

the Magistrate stated that arguments not raised by defendant were not before the court, citing *Cordero-Hernandez v. Hernandez-Ballesteros*, 449 F.3d 240, 243, n.2 (1st Cir. 2006). The import of that footnote, however,[1] was that it was harmless error for the District Court to have dismissed the suit where plaintiff challenged what it deemed a dismissal *sua sponte*, but had had the opportunity to argue the issues fully. Based on the record in this case, and given the Magistrate Judge's correct findings that Reem failed to timely perform having agreed that time was of the essence in the agreement, and under circumstances whereby Engleby was neither prevented from communicating with third parties, and nor did he declare a breach until such time as Reem had failed to perform, she should also have recommended dismissal of Count II for failure to state a cognizable claim for breach of the duty of good faith and fair dealing.

**3. Engleby's Motion to Dismiss should have been granted as to Count III, for unjust enrichment.**

Unjust enrichment is a theory of equitable recovery, whereby a plaintiff seeks "restitution of a benefit conferred on another whose retention of the benefit at plaintiff's expense would be unconscionable." *Bezdek v. Vibram USA Inc.*, 2013 U.S. Dist. LEXIS 22939 (D. Mass. Feb. 19, 2013); *quoting Smith v. Jenkins*, 626 F. Supp. 2d 155, 170 (D. Mass. 2009). A claim of unjust enrichment under Massachusetts law requires that a plaintiff "show that the defendant received, was aware of, and accepted or retained a benefit conferred by the plaintiff 'under circumstances

---

[1] The text of footnote 2 follows:

Plaintiff accuses the court of dismissing the case *sua sponte*, but there is some difference between dismissal of a claim that has never been challenged, *see, e.g.*, *Cepero-Rivera* v. *Fagundo*, 414 F.3d 124, 130 (1st Cir. 2005), and dismissal where, as here, the court acts in response to a defendant's motion but on grounds not fully briefed by the movant. Nevertheless, if the district court had any doubt that plaintiffs understood that they were in danger of having their complaint dismissed on grounds they had not had an opportunity to argue, the safest course would have been to give notice of the proposed grounds for dismissal and to take arguments on the question. *See Ruiz Varela* v. *Sanchez Velez*, 814 F.2d 821, 823 (1st Cir. 1987). While here we think the defendants may not have raised the issue with sufficient clarity to have given plaintiffs reason to anticipate dismissal on those grounds, we find any resultant error to have been harmless. If there was error, it did not unduly prejudice appellant, because she has now fully argued her position, both here and in a motion to reconsider submitted to the district court, and after hearing arguments we are convinced that the substance of the district court's determination was correct. *See*, Cepero-Rivera, 414 F.3d at 130.

which make such acceptance or retention inequitable.'" *Matt v. HSBC Bank United States*, 968 F. Supp. 2d 351, 366 (D. Mass. 2013). Here, where the Magistrate acknowledged that Engleby's **attorney** received the funds tardily on August 13, 2015 and informed Reem's attorney that the funds would be returned immediately, and in the absence of a response returned the funds to Reem's attorney on August 20, 2015, there is no support for the notion that Engleby received a benefit nor retained a benefit under terms that would be unconscionable. Doc. 32, p. 13. Engleby never received a benefit – the funds were transferred into and out of his attorneys' clients account. Further, a tort claim such as a claim for unjust enrichment is barred by the economic loss doctrine. *Kupperstein v. Bank of Am., N.A.*, 2015 U.S. Dist. LEXIS 100441 (D. Mass. July 31, 2015). Accordingly, there was no factual basis for Reem's claim of unjust enrichment and the Magistrate should have recommended dismissal of Count III.

**4. Engleby's Motion to Dismiss should have been granted as to Count IV, for conversion.**

To establish a claim for conversion, the plaintiff should allege and prove (1) that he had possession or a right to immediate possession of the property; (2) that the defendant converted the personal property to his own use by exercising over it a dominion which was inconsistent with the plaintiff's rights; and (3) damage. *Annis v. American Sci. & Eng'g*, 1994 Mass. Super. LEXIS 289 (Mass. Super. Ct. Nov. 10, 1994). As noted above, the Magistrate was well aware that Engleby never possessed the late-rendered payment or exercised any "dominion" over it. Accordingly, there was no factual basis for Reem's claim of conversion and the Magistrate should have dismissed Count IV. Further, as above conversion is a tort claim (*New England Merchants Nat'l Bank v. Auto Owners Finance Co.*, 355 Mass. 487 (Mass. 1969)), and it is accordingly barred by the economic loss doctrine. As there was no factual basis for Reem's

claim of conversion, the Magistrate Judge should have recommended dismissal of Count IV with prejudice.

**5. Engleby's Motion to Dismiss should have been granted as to Count V, for a breach of G.L. c. 93A.**

The Magistrate should have dismissed Plaintiff's Count V for violation of Chapter 93A because the facts, as alleged, and as acknowledged by the Magistrate, do not satisfy the elements required to state a cognizable claim for relief. A claim for relief under Chapter 93A requires "a showing of conduct that (1) falls within the penumbra of some common-law, statutory, or other established concept of unfairness; (2) is immoral, unethical, oppressive, or unscrupulous, and causes substantial injury to consumers or other businesspersons." *Kassner v. Chase Home Fin., LLC*, No. 11–10643–RWZ, 2012 WL 260392, at *9 (D. Mass. Jan. 27, 2012) (internal citations omitted); *see also Hershenow v. Enterprise Rent–A–Car Co. of Boston, Inc.*, 445 Mass. 790, 797, 840 N.E.2d 526 (2006).

A plaintiff must demonstrate that a defendant's conduct was unfair and deceptive and that the conduct caused him injury. *Hershenow,* 445 Mass. at 797. "For a cause of action pursuant to chapter 93A to proceed, the violation ... must be determined to be unfair or deceptive in and of itself[.]" *Morris v. BAC Home Loans Servicing, L.P.,* 775 F. Supp. 2d 255, 259 (D. Mass. 2011); *see also Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc.,* 552 F.3d 47, 66 (1st Cir. 2009). "A practice may be deceptive if it reasonably could be found to have caused the plaintiff to act differently than he otherwise would have acted." *Akar v. Federal Nat'l. Mortgage Ass'n.*, 845 F. Supp. 2d 381, 404 (D. Mass. 2012) (internal citations omitted) (quoting *Duclersaint v. Fed. Nat'l. Mortgage Ass'n.*, 427 Mass. 809, 814 (1998)). "To prevail on a Chapter 93A claim, [plaintiff] must prove that a person who is engaged in trade or business committed an unfair or deceptive trade practice *and* that [plaintiff] suffered a loss of money or property as a result."

*Santelises v. Bank of America, N.A.*, No. 12-11164-NMG, 2012 WL 6045986, at *6 (D. Mass. Oct. 22, 2012) (quoting *Morris*, 775 F. Supp. 2d at 259); *see also Brandon Assocs., LLC v. FailSafe Air Safety Sys. Corp.*, 384 F. Supp. 2d 442, 446 (D. Mass. 2005).  Plaintiff does not (and cannot) satisfy these burdens for pleading a claim against Engleby under Chapter 93A. Further, Reem makes no claim that it sent the demand letter required by G.L. c. 93A, § 2. Accordingly, there was no factual basis for a claim under G.L. c. 93A and the Magistrate should have recommended dismissal of Count V with prejudice.

### 6. The Magistrate should have recommended that the Motion for Dissolution of Lis Pendens be granted.

As indicated above, none of Reem's claims have merit.  The Magistrate explicitly acknowledged that Reem had the burden of proof on any finding in the ex parte order challenged by Engleby (Doc 32, p. 36) and that Reem violated the terms of G.L. c. 184, § 15(b) by omitting material facts, specifically, that the Memorandum of Sale and its extension provided that time was of the essence, and that Engleby's attorney had immediately responded to the late receipt of funds by seeking directions for their return.  Doc. 32, p. 34.  In the absence of any valid claims to ownership of the property, Reem has no right to continue the lis pendens and the Magistrate should have granted the Motion for its dissolution.

### Conclusion

For the foregoing reasons, the Magistrate should have recommended that Engleby's Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) be granted, and that Plaintiffs' Complaint be dismissed in its entirety, with prejudice, for failure to state a claim.  Further, for the foregoing reasons, the Magistrate should have recommended that the motion for dissolution of *lis pendens* be granted.

Dated:  August 2, 2016

Respectfully submitted,
Robert T. Engleby

By his attorneys,

*/s/ Michael P. Robinson*
Michael P. Robinson (BBO#649575)
SHECHTMAN HALPERIN SAVAGE, LLP
1080 Main Street
Pawtucket, RI 02860
401-272-1400
401-272-1403 (fax)
mrobinson@shslawfirm.com

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 2nd day of August, 2016, that I have caused the within Objection to Report and Recommendation to be filed with the Court via the ECF filing system. As such, this document will be electronically sent to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Michael P. Robinson*