UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

CIVIL ACTION NO: 1:15-cv-40127-PBS

| | |
|---|---|
| REEM PROPERTY, LLC | ) |
|             Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| ROBERT T. ENGLEBY | ) |
|             Defendant | ) |
| _____ | ) |

## PLAINTIFF'S OBJECTION TO RECOMMENDATION OF MAGISTRATE

The Plaintiff objects to its claim for breach of contract being dismissed pursuant to the Defendant's motion to dismiss.

To state a claim, a complaint must "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 546 (2007). The complaint "needs only enough detail to provide a defendant with 'fair notice of what the . . . claim is and the grounds upon which it rests.'" Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011). The Court cannot disregard factual allegations "even if it strikes a savvy judge that actual proof of those facts is improbable." Twombly, 550 U.S. at 556. A motion to dismiss must focus not on whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support the claims. Mitchell v. Mass. Department of Correction, 190 F. Supp. 2d 204, 208 (D. Mass. 2002).

The Plaintiff has provided allegations to the effect that the requirement to receive the purchase price by August 10, 2015 was waived by the Defendant. The Plaintiff has alleged that he was engaged in wiring the funds to the Defendant from August 7, 2015 to August 13, 2015. The Plaintiff has further alleged that the Defendant never provided a notice of default until *after* the full purchase price was received by the Defendant's counsel.

Given the facts, waiver may be established by the Plaintiff in this instance. The conduct of the Defendant and/or his attorney may certainly establish a waiver of the August 10, 2015 deadline for payment. See McCarthy v. Tobin, 429 Mass. 84, 89 (1999); see also, Church of God in Christ, Inc. v. Congregation Kehillath Jacob, 370 Mass. 828, 832-833 (1976). Accordingly, a motion to dismiss is not appropriate in this instance.

                                        Respectfully submitted,
                                        Plaintiff by its attorney,

                                        /s/ David B. Summer
                                        David Summer, Esq. (BBO 634514)
                                        davidsummeresq@gmail.com
                                        100 State Street, Suite 900
                                        Boston, MA 02109
                                        (617) 695-0050

Dated: 8/2/16

## CERTIFICATE OF SERVICE

I, David Summer, hereby certify that on August 2, 2016, I electronically filed the within Motion to Amend Complaint and that notice was sent to all parties via this Court's CM/ECF filing system.

/s/ David Summer