UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | | |
|---|---|---|
| REEM PROPERTY, LLC<br>Plaintiff | ) | |
| v. | ) | Civil Action No. 1:15-cv-40127-PBS |
| ROBERT T. ENGLEBY<br>Defendant | ) | |

**ANSWER**

Now comes the Defendant, Robert T. Engleby, and hereby answers the corresponding numbered paragraphs of Plaintiff's Complaint as follows:

1. Defendant lacks sufficient information to admit or deny the allegations of paragraph one of Plaintiff's Complaint, and leaves Plaintiff to his proof.

2. Denied.

5.[1] Admitted.

6. Admitted.

7. Defendant states that the terms of the Agreement speak for themselves.

8. Admitted.

9. Defendant lacks sufficient information to admit or deny the allegations of paragraph nine of Plaintiff's Complaint, and leaves Plaintiff to his proof.

[1] Paragraphs 3-4 are omitted from Plaintiff's Complaint.

10. Defendant lacks sufficient information to admit or deny the allegations of paragraph ten of Plaintiff's Complaint, and leaves Plaintiff to his proof.

11. Defendant admits that the funds were not received within the timeframe required by the Agreement as modified. Defendant lacks sufficient information to admit or deny the remaining allegations of Plaintiff's Complaint, and leaves Plaintiff to his proof.

12. Denied.

13. Defendant admits having been contacted by other interested parties. All other aspects of paragraph thirteen are denied.

14. Denied.

COUNT I
Breach of Contract

15. Defendant repeats its responses to paragraphs 1-14 as though fully set forth herein.

16. Defendant admits that it agreed to sell the property at the stated price, but denies that paragraph sixteen of the Complaint sets forth all material terms of said Agreement.

17. Denied.

18. Denied.

COUNT II
BREACH OF GOOD FAITH AND FAIR DEALING

19. Defendant repeats its responses to paragraphs 1-18 as though fully set forth herein.

20. Denied.

21. Denied.

22. Paragraph twenty-two of the Complaint contains a demand for relief to which no admission or denial is required.

Any and all allegations contained in Plaintiff's Complaint that are not specifically addressed herein, are hereby and for all purposes DENIED.

**AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.
2. Plaintiff's claims are barred by its own breach of contract.
3. Defendant asserts the affirmative defense of unclean hands.
4. Defendant reserves the right to assert such other affirmative defenses as may become known in discovery.

**DEFENDANT DEMANDS A TRIAL BY JURY ON ALL COUNTS AND ALLEGATIONS SO TRIABLE.**

Respectfully submitted,
Robert T. Engleby

By his attorneys,

*/s/ Michael P. Robinson*

Michael P. Robinson (BBO#649575)
SHECHTMAN HALPERIN SAVAGE, LLP
1080 Main Street
Pawtucket, RI 02860
401-272-1400
401-272-1403 (fax)
mrobinson@shslawfirm.com

## COUNTERCLAIM

1. Counterclaim Plaintiff, Robert T. Engleby ("Engleby") is a resident of Colorado.

2. Counterclaim Defendant, Reem Property, LLC ("Reem") is a limited liability company with a usual place of business at 291 Main Street, Unit 8B, Northboro, MA 01532.

3. On or about June 10, 2015, Engleby and Reem entered into a Memorandum of Sale of Real Estate (the "Memorandum of Sale") concerning 6-8 Morgan Place, Newton, Massachusetts (the "Property") whereby Reem would purchase the Property from Engleby for $275,000.00. The Memorandum of Sale explicitly stated in bold capitals that: "**TIME IS OF THE ESSENCE IN THIS AGREEMENT AS TO BUYERS OBLIGATIONS HEREUNDER**."

4. The time set forth for Reem's payment was July 10, 2015 on or before 1:00 p.m.

5. On July 9, 2015 Reem obtained a 30-day extension of the time for payment. The extension was also subject to the requirement that "Time remains of the essence with respect to all obligations of the Buyer."

6. Reem also agreed, through counsel, that the 30 day extension of the closing was explicitly conditioned upon its express agreement that: "if they do not tender the balance of the purchase price on or before the Closing date, for any reason [Engleby] is entitled to retain the $20k paid as a deposit, without argument, challenge or demand that it be returned."

7. Reem did not make payment until July 13, 2015, beyond the deadline established by the extension agreement.

8. On August 13, 2015, Engleby's counsel emailed counsel for Reem informing him of Reem's default and advising him that the payment received would be promptly returned and requesting instruction as to whether the funds should be returned by check or wire transfer.

9. On August 20, 2015, as no instruction had been received from Plaintiff or its counsel, the funds were returned to Plaintiff’s counsel via wire transfer.

**COUNT I**
**BREACH OF CONTRACT**

10. Paragraphs 1-9 are for all purposes re-alleged and incorporated herein.

11. Reem and Engleby had a valid and enforceable contract in the form of the Memorandum of Sale, as modified by the 30-day extension agreement.

12. Engleby fully performed all of its obligations under the contract.

13. Reem breached the contract by failing to make the required payments under the contract, and has thereby forfeited all deposits thereunder.

14. Engleby has suffered damages in an amount to be proven at trial as a result of Reem’s breach, plus attorneys’ fees, costs and interest.

**WHEREFORE**, Engleby demands judgment against Reem in an amount sufficient to satisfy its losses, plus interest, costs and attorneys fees.

**DEFENDANT DEMANDS A TRIAL BY JURY ON ALL COUNTS AND ALLEGATIONS SO TRIABLE.**

Respectfully submitted,
Robert T. Engleby

By his attorneys,

*/s/ Michael P. Robinson*

Michael P. Robinson (BBO#649575)
SHECHTMAN HALPERIN SAVAGE, LLP
1080 Main Street
Pawtucket, RI 02860
401-272-1400
401-272-1403 (fax)
mrobinson@shslawfirm.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 20th day of October, 2016, that I have caused the within Answer and Counterclaim to be filed with the Court via the ECF filing system. As such, this document will be electronically sent to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Michael P. Robinson*