UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(EASTERN DIVISION)

| | | |
|---|---|---|
| REEM PROPERTY, LLC<br>Plaintiff | ) | |
| v. | ) | Civil Action No. 1:15-cv-40127-PBS |
| ROBERT T. ENGLEBY<br>Defendant | ) | |

**DEFENDANT ROBERT T. ENGLEBY'S MEMORANDUM OF LAW IN SUPPORT OF AWARD OF ATTORNEYS' FEES PURSUANT TO MASS. GEN. LAWS CH. 184, § 15(C)**

Now comes Defendant Robert T. Engleby ("Engleby"), by his undersigned counsel and hereby submits this memorandum of law in support of his motion to award attorneys' fees pursuant to regarding Mass. Gen Laws ch. 184, § 15(c).

## BACKGROUND

The factual and procedural background of this matter is more particularly set forth in Engleby's Memorandum of Law in Support of his Motion for Summary Judgment (Doc. 63) and his Statement of Material Facts filed in connection therewith. Doc. 64. Briefly, Reem Property, LLC ("Reem") agreed to purchase the property at 6-8 Morgan Place, Newton, Massachusetts (the "Property") from Engleby and defaulted in its obligations under that agreement. Having defaulted on its payment obligations, Reem filed this suit in an attempt to force Engleby to sell it the Property despite its default. At the time of its initial filing, Reem had obtained, ex parte, approval of a memorandum of Lis Pendens. Doc. 1-1, pp. 4, 5.

On September 11, 2015 Engleby filed a Motion to Dismiss Case as Frivolous (Doc. 6) and a Motion for Dissolution of Memorandum of Lis Pendens. Doc 7). On July 20, 2016, Magistrate Bowler issued her Report and Recommendation (Doc. 32) dismissing Reem's Count I for breach of contract pursuant to Mass. Gen. Laws ch. 184, § 15(c), which Report and Recommendation was adopted by the Court on September 21, 2016. Doc. 43. After discovery, and the filing of cross-motions for summary judgment, on February 23, 2017, the Court allowed Engleby's Motion for Dissolution of Memorandum of Lis Pendens. Doc. 77. On February 28, 2017, Engleby filed his Motion to Approve Proposed Order Dissolving Memorandum of Lis Pendens. Doc. 78. Engleby now seeks an award of fees as mandated by Mass. Gen. Laws ch. 184, § 15(c).

## **RETENTION OF DEPOSIT**

Pursuant to the Memorandum of Sale, in Paragraph 12, entitled "BUYER'S DEFAULT; NON-LIQUIDATED DAMAGES, it states:

> The Sale of the Property, either under the statutory power of sale, or to an unsuccessful bidder as set forth herein, shall not release the defaulting Buyer for liability for breach of contract, and in the case of default by the Buyer, the deposit paid by the Buyer shall become the property of the Bank. Retention of said deposit shall not constitute a waiver of the Bank's rights to pursue all other available remedies, including but not limited to specific performance, and nothing in this provision or contained in this Memorandum shall be deemed to constitute such a waiver.

Doc. 9-1, page 5. Plaintiff's Count I for breach of contract was dismissed by the Magistrate Judge's Report and Recommendation of July 20, 2016 and adopted by this Court on September 21, 2016. As Reem failed to make payment in accordance with the terms of its agreement, Engleby's performance was excused. *Teragram Corporation v. Marketwatch.com, Inc.*, 444 F.3d 1, 11 (1st Cir. 2006). Accordingly, Engleby is entitled to retain the deposit paid.

## MASS. GEN. LAWS ch. 184, § 15(c)

Section 15(c) of chapter 184 of the Massachusetts General Laws provides:

> (c) **If the memorandum is approved ex parte, any party aggrieved thereby may move at any time for dissolution of the memorandum,** and the court shall hear the motion forthwith and in any event not later than 3 days after the date on which notice of the motion was given to the claimant. At the hearing the claimant shall have the burden of justifying any finding in the ex parte order that is challenged by the party who is aggrieved thereby. A party may also file a special motion to dismiss the claimant's action if that party believes that the action or claim supporting the memorandum of lis pendens is frivolous. The special motion to dismiss, unless heard at the time the claimant first applied for a judicial endorsement under subsection (b), shall be heard at the same time as the hearing on the motion to dissolve the memorandum of lis pendens. If the court determines that the action does not affect the title to the real property or the use and occupation thereof or the buildings thereon, it shall dissolve the memorandum of lis pendens. The special motion to dismiss shall be granted if the court finds that the action or claim is frivolous because (1) it is devoid of any reasonable factual support; or (2) it is devoid of any arguable basis in law; or (3) the action or claim is subject to dismissal based on a valid legal defense such as the statute of frauds. In ruling on the special motion to dismiss the court shall consider verified pleadings and affidavits, if any, meeting the requirements of the Massachusetts rules of civil procedure. **If the court allows the special motion to dismiss, it shall award the moving party costs and reasonable attorneys fees, including those incurred for the special motion, any motion to dissolve the memorandum of lis pendens, and any related discovery.** Nothing in this section shall affect the right of the moving party to any other remedy otherwise authorized by law. All discovery proceedings shall be stayed upon the filing of the special motion pursuant to this section; but the court, on motion and for good cause shown, may order that specified discovery be conducted. The stay of discovery shall remain in effect until notice of entry of the order ruling on the special motion. In the event there are un-adjudicated claims remaining after the dismissal of any claim pursuant to which the memorandum of lis pendens was recorded, the court shall order the entry of partial judgment with respect to the claim dismissed pursuant to this section.

Mass. Gen. Laws ch. 184, § 15(c)(emphasis added). Here, the Court allowed the Special Motion to Dismiss with regard to Count I as of September 21, 2016, but declined to dismiss the other counts of the Complaint and declined to order dissolution of the lis pendens at that time. The

Motion for Summary Judgment filed by Engleby, and all discovery and other filings by Engleby by way of opposition to Reem's motions, have been related to seeking dismissal of its frivolous lawsuit, and ultimately the dissolution of the memorandum of lis pendens, which has tied up the defendant's property for almost two years. Accordingly, Engleby seeks attorneys' fees and costs in the amount of $41,628.00, as more particularly set forth in the Affidavit of counsel filed contemporaneously herewith.

Magistrate Bowler noted in her Report and Recommendation that: "If the court allows a special motion to dismiss in part with respect to one of several claims as opposed to all of the claims in a complaint, the movant may still be entitled to attorneys' fees." Doc. 32, pp. 28, 29, n. 5; *citing Russell & Associates LLC v. RFF Family Partnership, LP*, 958 N.E.2d 1181 (Mass. App. Ct. 2011 )(unpublished summary decision) ((a summary decision under Mass. R. App. P. 1:28 issued after February 25, 2008 "may be cited for its persuasive value but ... not as binding precedent"). In *Russell*, the Appeals Court referred to a case filed under an anti-SLAPP statute where an award of attorneys' fees would be adjusted based upon less than total success. *Giuffrida v. High Country Investor, Inc.*, 73 Mass. App. Ct. 225, 244 (Mass. App. Ct. 2008) ("The moving party need not prevail on all counts to qualify for an award. ... As in other fee award situations, however, the judge may make an appropriate adjustment to account for the prevailing party's limited success."). That decision, however, was rendered in connection with the attorneys' fee provision of the anti-SLAPP statute, which provides in pertinent part: "If the court grants such special motion to dismiss, the court shall award the moving party costs and reasonable attorney's fees, including those incurred for the special motion and any related discovery matters." Mass. Gen. Laws ch. 231, § 59F. As such, the fee award was limited to the special motion and related discovery.

Here, § 15(c) provides that the Court "shall award the moving party costs and reasonable attorneys fees, including those incurred for the special motion, **any motion to dissolve the memorandum of lis pendens,** and any related discovery." Mass. Gen. Laws ch. 184, § 15(c) (emphasis added). Accordingly, § 15(c)'s grant of attorneys' fees is more expansive than that of the anti-SLAPP statute in that it includes any motion to dissolve the memorandum of lis pendens. Here, this includes all of Engleby's motions and oppositions to date, including the Motion to Approve Proposed Order Dissolving Memorandum of Lis Pendens. Doc. 78. Nothing in *Russell* contradicts the applicable statutory provision's expansive award of fees for "**any** motion to dissolve the memorandum of lis pendens." Mass. Gen. Laws, ch. 184, § 15(c). As Engleby's efforts through the date hereof have all been in furtherance of the dissolution of the memorandum of lis pendens, no diminution of Engleby's requested award is supported by the statute.

## CONCLUSION

For the reasons set forth above, Engleby is entitled to damages encompassing his retention of Reem's deposit and to attorneys' fees as set forth in the accompanying affidavit of counsel.

Respectfully submitted,
Robert T. Engleby

March 3, 2017

By his attorneys,

*/s/ Michael P. Robinson*
Michael P. Robinson (BBO#649575)
SHECHTMAN HALPERIN SAVAGE, LLP
1080 Main Street
Pawtucket, RI 02860
401-272-1400
401-272-1403 (fax)
mrobinson@shslawfirm.com

## CERTIFICATE OF SERVICE

I hereby certify that on this 3rd day of March 2017, that I have caused the within Memorandum of Law to be filed with the Court via the ECF filing system. As such, this document will be electronically sent to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants.

*/s/ Michael P. Robinson*