UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
BOSTON DIVISION

CIVIL ACTION NO: 1:15-cv-40127-PBS

REEM PROPERTY, LLC )
        Plaintiff, )
)
v. )
)
ROBERT T. ENGLEBY )
        Defendant )
)

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION**
**FOR FEES UNDER M.G.L. c. 184 § 15(C)**

By their motion, the Defendant essentially seeks, pursuant to M.G.L. c. 184 § 15(c), the entirety of its legal fees in the prosecution of this matter. These legal fees include, but are not limited to, time spent for the Court ordered mediation, settlement discussions, the removal of this case from state to federal court, the summary judgment motion for claims not dismissed via M.G.L. c. 184 § 15(c), and other items wholly unrelated to the lis pendens and its removal (including discovery). Indeed, the Defendant provides absolutely no analysis in his filing exactly how the amounts sought are related to the removal of the lis pendens and/or the special motion to dismiss.

Plaintiff asserts that any attorney's fees, to the extent they are awarded, should be the reasonable time spent on the special motion and the motion to remove the lis pendens, to the extent these motions were successful. M.G.L. c. 184 § 15 is seen as being somewhat analogous to the Anti-Slapp statute, which also allows "special motions" to dismiss. In Giuffrida v. High Country Investor, Inc., 73 Mass.App.Ct. 225, 244 (2008), the Massachusetts Appeals Court

indicated that when dealing with an attorney's fee motion under the Anti-Slapp statute, "the judge may make an appropriate adjustment to account for the prevailing party's limited success." Id. In this instance, the Defendant's motion under M.G.L. c. 184 § 15 was only successful on one claim. As such, this Court should make an appropriate downward adjustment reflecting this fact.

Furthermore, the Defendant seeking all its fees is inappropriate. M.G.L. c. 184 § 15(c) is a mechanism for *expedited* removal of a lis pendens. There is no authority found by the Plaintiff, that one may file a special motion to dismiss and a motion for the removal of a lis pendens, have said motion partially denied, and then seek attorney's fees for all time spent after said denials under M.G.L. c. 184 § 15. As such, this Court should especially not award any attorney's fees and costs for time spent *subsequent* to special motion and motion to remove the lis pendens. For example, the discovery was conducted after the motions.

WHEREFORE, to the extent this Court awards attorney's fees under M.G.L. c. 184 § 15, said amounts should be sharply reduced and solely limited to amounts related to the successful portion of the special motion to dismiss and removal of the lis pendens.

        Respectfully submitted,
        Plaintiff, by its attorney,

        /s/ David Summer
        David Summer, Esq.
        100 State Street, Suite 900
        Boston, MA 02109
        Phone: (617) 695-0050
        B.B.O. No. 634514

Dated: March 3, 2017

CERTIFICATE OF SERVICE

 I hereby certify that on March 3, 2017, I served a copy of the above document by to all parties or attorneys of record in this matter via ECF.


/s/ David Summer