UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
_____
                              )
REEM PROPERTY, LLC,           )
                              )
              Plaintiff,      )
                              )
v.                            )    Civil Action
                              )    No. 15-40127-PBS
                              )
ROBERT T. ENGLEBY,            )
                              )
              Defendant.      )
                              )
_____)
```

**MEMORANDUM AND ORDER**

April 21, 2017

**INTRODUCTION**

This case involves a dispute over real estate in Newton, Massachusetts. Plaintiff Reem Property, LLC, ("Reem") which entered into an agreement to purchase the property, brings this diversity action against the seller Robert Engleby alleging breach of contract (Count I), breach of implied covenant of good faith and fair dealing (Count II), unjust enrichment (Count III), conversion (Count IV), and violation of Massachusetts General Laws ch. 93A (Count V).

In April 2016, Engleby brought a special motion to dismiss the complaint under Massachusetts General Laws ch. 184, § 15(c) and Federal Rule of Civil Procedure 12(b)(6), and a motion to dissolve the memorandum of lis pendens.

1

On July 20, 2016, Magistrate Judge Bowler issued a report and recommendation to dismiss Count I, breach of contract, under Massachusetts General Laws ch. 184, § 15(c), but recommended the denial of the motion to dismiss the remaining counts and to dissolve the lis pendens. Docket No. 32. After hearing, this Court adopted Judge Bowler's Report and Recommendation on September 21, 2016, and assumes familiarity with it.

After an opportunity for discovery, Engleby moved for summary judgment on Counts II through V and his counterclaim for breach of contract. Docket No. 62. Reem moved for summary judgment as to Engleby's counterclaim. Docket No. 65. After hearing, the Court requested additional briefing on the counterclaim -- the request for an award of attorney's fees and costs of $41,628.00 pursuant to Massachusetts General Laws ch. 184, § 15(c). The Court dissolved the memorandum of lis pendens on March 1, 2017. Docket No. 79.

The Court **ALLOWS** Engleby's motion for summary judgment on Counts II through V. With respect to Engleby's counterclaim and motion for attorney's fees, Docket No. 81, the Court **ALLOWS** Engleby's motion for summary judgment and request for attorney's fees, with certain deductions. The Court **DENIES** Reem's motion for summary judgment. Docket No. 65.

**FACTUAL BACKGROUND**

For the purposes of the motion for summary judgment, the facts are taken in the light most favorable to the non-moving party and are undisputed except where stated.

The highest bidder for the property at the foreclosure sale submitted a bid of $430,000, but defaulted on the terms of the Memorandum of Sale. Reem was the next highest bidder with a bid of $275,000. Engleby was the third highest bidder at $250,000. On June 10, 2015, Reem and Engleby entered into a Memorandum of Sale of Real Estate. The agreement stated that Reem would buy the Property from Engleby for $275,000 with an initial deposit of $10,000 and that "TIME IS OF THE ESSENCE IN THIS AGREEMENT AS TO BUYERS OBLIGATIONS HEREUNDER." Docket No. 1, ex. 1 at 14. Reem paid the $10,000 deposit. The balance was due on July 10, 2015 on or before 1:00 p.m.

On July 9, 2015, Reem paid an additional $10,000 to obtain a 30-day extension of the time for payment. Engleby also informed Reem that he was only willing to extend for an additional 30 days if Reem expressly agreed that if it did not tender the balance of the purchase price on or before the closing date, for any reason, Engleby is entitled to "retain the $20k paid as a deposit, without argument, challenge or any demand that it be refunded." Docket No. 24, ex. 3 at 2. Reem agreed to these terms and the extension agreement was signed the

3

next day. The "time is of the essence" clause was carried over in the extension.

Although Reem attempted to wire the amount prior to the due date, he was unsuccessful. Reem did not make a payment until August 13, 2015, three days after the extension expired. The failure to meet the deadline was caused by a review by U.S. authorities under the money laundering and bank regulations because the money was wired internationally from Lebanon, where the sole manager of Reem was located at that time.

After receiving Reem's payment, Engleby immediately informed Reem of its default and advised Reem its funds would be returned. The funds were returned on August 20, 2015. However, Engleby kept the $20,000.

As the third highest bidder at $250,000, Engleby sold the property to Dornoch Equity Services, LLC on August 20, 2015 for $250,000, the same amount as his bid. Engleby is the manager and sole member of this company.

## DISCUSSION

I. **Summary Judgment Standard of Review**

Summary judgment is appropriate when there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To succeed on a motion for summary judgment, the moving party must demonstrate that there is an "absence of evidence to support the

4

nonmoving party's case." Sands v. Ridefilm Corp., 212 F.3d 657, 661 (1st Cir. 2000) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986)). Once such a showing is made, "the burden shifts to the nonmoving party, who must, with respect to each issue on which [it] would bear the burden of proof at trial," come forward with facts that demonstrate a genuine issue. Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 5 (1st Cir. 2010) (citing Celotex, 477 U.S. at 324).

## II. **Reem's Claims**

For the reasons stated by Magistrate Judge Bowler, the Court has already dismissed the breach of contract claim. However, the Court declined to dismiss the remaining claims based primarily on inadequate briefing.

**Count II: Breach of Covenant of Good Faith and Fair Dealing**

Initially, Reem pressed a claim of breach of the covenant of good faith and fair dealing. Reem's theory was that Engleby sought to avoid the contract because he had already negotiated to sell the property to a third person at a higher figure.

Massachusetts law implies a covenant of good faith and fair dealing in every contract. FAMM Steel, Inc. v. Sovereign Bank, 571 F.3d 93, 100 (1st Cir. 2009). Contracts are subject to an implied covenant of good faith and fair dealing so to "guarantee that the parties remain faithful to the intended and agreed expectations" of the contract. Uno Restaurants, Inc. v. Boston

Kenmore Realty Corp., 805 N.E.2d 957, 964 (Mass. 2004). It also ensures that "neither party shall do anything that will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." Anthony's Pier Four, Inc. v. HBC Assocs., 583 N.E.2d 806, 820 (Mass. 1991) (quoting Drucker v. Roland Wm. Jutras Assocs., 348 N.E.2d 763, 765 (Mass. 1976)).

After an opportunity for discovery, Reem presented no evidence that Engleby breached the covenant of good faith and fair dealing. The only evidence in the record submitted to suggest Engleby engaged in unfair dealing is an interrogatory answer by Reem's owner: "Mohammed Abouchlieh was contacted by potential buyers prior to the sale. He was told the people contacted Engleby directly to purchase the property." Docket No. 63, ex. A, interrogatory no. 11. Reem does not provide any non-hearsay information about these potential buyers -- no names, addresses, or otherwise. Moreover, Reem does not allege Engleby did anything wrong. Pivoting from its initial position before the magistrate and this Court that Engleby was shopping the property around for a higher price, Reem took a new tact: "The Defendant purposely sought to avoid this contract with Reem Property in order to purchase the property several weeks after and for less than Reem Property, LLC paid." Docket No. 63, ex. A, interrogatory no. 13. Again, as the highest remaining bidder,

6

Engleby had the right to buy and resell the property after Reem failed to make a timely payment. There is no support for the claim of bad faith.

**Count III: Unjust Enrichment**

"Massachusetts law does not allow litigants to override an express contract by arguing unjust enrichment." Platten v. HG Bermuda Exempted Ltd., 437 F.3d 118, 130 (1st Cir. 2006) (citing Zarum v. Brass Mill Materials Corp., 134 N.E.2d 141, 143 (Mass. 1956) ("The law will not imply a contract where there is an existing express contract covering the same subject matter."). An express contract precludes quasi contract claims. Cooper v. Charter Commc'ns Entm'ts I, LLC, 760 F.3d 103, 112 (1st Cir. 2014) (citing Platten, 437 F.3d at 130).

The only argument Reem submits to support the unjust enrichment claim is that Engleby was unjustly enriched because he kept Reem's deposit and then purchased the property for less money. While this does seem unjust because the delay was minimal and not Reem's fault, the express agreement between the parties precludes the unjust enrichment claim.

**Count IV: Conversion**

Reem claims that Engleby held the purchase price for a week despite sending a termination letter. A person "who intentionally or wrongfully exercises acts of ownership, control or dominion over personal property to which he has no right of

possession at the time" is liable for conversion. Abbington
Nat'l Bank v. Ashwood Homes, Inc., 475 N.E.2d 1230, 1233 (Mass.
App. Ct. 1985) (citing J.R. Nolan, Tort Law § 35 (1979)). The
elements of the tort of conversion are as follows:

(1) the defendant intentionally and wrongfully exercised control or dominion over the personal property;
(2) the plaintiff had an ownership or possessory interest in the property at the time of the alleged conversion;
(3) the plaintiff was damaged by the defendant's conduct; and
(4) if the defendant legitimately acquired possession of the property under a good-faith claim of right, the plaintiff's demand for its return was refused.

Evergreen Marine Corp. v. Six Consignment of Frozen Scallops, 4
F.3d 90, 95 (1st Cir. 1993).

There is no factual basis to support the claim that Engleby
intentionally and wrongfully exercised control or dominion of
Reem's personal property. Engleby did not receive the required
payment until August 13, 2015. On that same day, Engleby
informed Reem it was in default of the agreement, that the wire
transfer "will be promptly returned[,]" and asked whether it
should be returned "in the form of check or wire transfer."
Docket No. 24, ex. 5 at 2. A week later, after hearing nothing
from Reem regarding the means of the transfer, Engleby returned
the $255,000 via wire transfer.

**Count V: Chapter 93A**

Chapter 93A precludes "unfair or deceptive acts or
practices in the conduct of any trade or commerce" and penalizes

"willful or knowing" violations with awards of multiple damages. Mass. Gen. Laws ch. 93A, §§ 2, 9, 11. As stated in the discussion of the claim of the breach of the covenant of good faith and fair dealing, the record contains no evidence that Engleby engaged in unfair or deceptive practices within the meaning of Chapter 93A.

III. **Attorney's Fees**

Section 15(c) of chapter 184 of the Massachusetts General Laws provides that any party aggrieved by the issuance of a memorandum of lis pendens "may move at any time for dissolution of the memorandum." The statute states:

> The special motion to dismiss, unless heard at the time the claimant first applied for a judicial endorsement under subsection (b), shall be heard at the same time as the hearing on the motion to dissolve the memorandum of lis pendens. If the court determines that the action does not affect the title to the real property or the use and occupation thereof or the buildings thereon, it shall dissolve the memorandum of lis pendens. The special motion to dismiss shall be granted if the court finds that the action or claim is frivolous because (1) it is devoid of any reasonable factual support; or (2) it is devoid of any arguable basis in law; or (3) the action or claim is subject to dismissal based on a valid legal defense such as the statute of frauds. In ruling on the special motion to dismiss the court shall consider verified pleadings and affidavits, if any, meeting the requirements of the Massachusetts rules of civil procedure. If the court allows the special motion to dismiss, it shall award the moving party costs and reasonable attorneys fees, including those incurred for the special motion, any motion to dissolve the memorandum of lis pendens, and any related discovery.

"General Laws c. 184, § 15(c), mandates the award of costs and attorney's fees if the court allows a special motion to dismiss." Galipault v. Wash Rock Invs., LLC, 836 N.E.2d 1123, 1134 (Mass. App. Ct. 2005); see also RFF Family P'ship, LP v. Link Development, LLC, 849 F. Supp. 2d 131, 137 (D. Mass. 2012) (special "motion to dismiss is directed to the claim or action and not the lis pendens itself").

If the court allows a special motion to dismiss with respect to one of the several claims as opposed to all of the claims in a complaint, the movant may still be entitled to attorney's fees. See Russell & Assocs., LLC. v. RFF Family P'ship, LP, 958 N.E.2d 1181, at *2 (Mass. App. Ct. 2011) (unpublished summary opinion) (denying appeal that attorney's fees were improperly awarded because not all of the claims were dismissed, noting that the statute was "designed to provide protection from certain types of suits"). "The moving party need not prevail on all counts to qualify for an award. As in other fee award situations, however, the judge may make an appropriate adjustment to account for the prevailing party's limited success." Giuffrida v. High Country Inv'r, Inc., 897 N.E.2d 82, 99 (Mass. App. Ct. 2008) (in the analogous context of the anti-SLAPP statute, Mass. Gen. Laws ch. 231, § 59H).

The breach of contract claim (Count I) was a frivolous claim. While the Court adopted the magistrate judge's

10

recommendation not to dismiss the remaining counts, including breach of the covenant of good faith and fair dealing, after discovery, these counts turned out to be frivolous as well. Engleby pressed the motion for summary judgment on the remaining claims and to dissolve the memorandum of lis pendens after discovery. Section 15(c) provides that the motion to dissolve can be filed "at any time," and permits an opportunity for discovery. After the parties had the opportunity for discovery, the Court concludes that defendant prevails on its motion for summary judgment and that all claims are without any reasonable basis in law and fact. No more reams of paper should be wasted on this litigation. Only one of the counts (conversion of the deposit) plainly did not involve a claim supporting the lis pendens. Accordingly, the Court awards attorney's fees and costs except for settlement and mediation and for the conversion claim.

### ORDER

The Court **ALLOWS** Engleby's motion for summary judgment with regard to Counts II through V. Docket No. 62. With respect to Engleby's counterclaim and motion for fees under Massachusetts General Laws ch. 184 § 15(c), the Court **ALLOWS** the motion for summary judgment and for attorney's fees and costs. An affidavit should be filed in 14 days making the appropriate deductions.

The Court **DENIES** Reem's motion for summary judgment. Docket No. 65.

                                         /s/PATTI B. SARIS_____
                                         Patti B. Saris
                                         Chief United States District Judge